MARTHA W. GALLIGAN *vs.* JOHN EVERETT.

Norfolk.　November 16, 1926. — April 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Tax*, Assessment, Sale.

An assessment of land in a small town to the owner by description merely on a street, without a statement of which side of the street it was on, was *held* not to be so indefinite as to make invalid a subsequent sale of the land for the taxes so assessed.

A vote at a town meeting in 1897 "That the collector be required to collect and pay over to the Treasurer before the first day of July 1897 all the taxes assessed before 1896, and that all taxes assessed in 1896 be collected and paid over to the Treasurer before the first day of February 1898, compensation for the collection of taxes assessed in 1897 to be one per centum on all collected and paid over to the Treasurer before the first day of February 1898 and one half of one per centum on all collected and paid over after that date," did not authorize under Pub. Sts. c. 11, § 67, the collection of interest from a delinquent taxpayer, and no interest could be collected lawfully without a further vote giving authority to do so; and a sale following an advertisement by the collector that "said parcels of real estate will be offered for sale by public auction — for the payment of said taxes and interest with all necessary costs and charges etc." was void.

A deed carrying out a sale of real estate by a collector of taxes of the town, following votes at an annual town meeting in 1898 and at an annual town meeting in 1899, that ". . . interest at the rate of six per centum per annum from December 1st will be charged and collected on all taxes of . . . [the year of the vote] not paid before the 31st day of December . . . [of that year]"; and following an advertisement that "said parcels of real estate will be offered for sale by public auction — for the payment of said taxes and interest with all necessary costs and charges etc.," was void, where it could not be determined from the deed whether the sale did or did not follow the advertisement as to interest or whether the price received at the sale did or did not include interest.

PETITION, filed in the Land Court on March 3, 1925, for the registration of the title to land on Neponset Street in Canton.

Proceedings in the Land Court are described in the opinion.

In substance, the master found, as to descriptions on the assessment rolls, that the property on the assessment roll in 1897 was described as "3/4 A" on Neponset, (meaning

street); in 1898 as "1/2 Neponset Street" and in 1899 "Neponset St. 1/2 A," and stated, "It will be noticed that the description does not state on which side of Neponset Street the land is located. Having in mind the decision in the *Conners* v. *Lowell* case, 209 Mass. 111, it does not seem that these descriptions are sufficiently definite."

The master also found "There was no evidence before me, or perhaps now obtainable as to just what items the difference between the tax and the consideration in the respective deeds is made up of. Therefore I cannot find whether interest was actually charged or not."

Other material findings by the master are described in the opinion. Exceptions by the respondent to the report of the master were heard by *Smith,* J., by whose order an interlocutory decree was entered overruling the exceptions and confirming the report. The judge found that the petitioner had title to the land described in the petition proper for registration and ordered a decree accordingly. The respondent appealed.

*J. Everett, pro se.*

*G. W. Grover,* for the plaintiff.

PIERCE, J. This is a petition to register a certain parcel of land with the buildings thereon, situate on Neponset Street, Canton, in the county of Norfolk and Commonwealth of Massachusetts. The petition was referred to an examiner, who reported that the petitioner had not a good title as alleged and proper for registration. The respondent, John Everett, duly cited, entered his appearance and filed two answers, one in his own behalf and one in his capacity as executor of the will of his mother, Elizabeth M. B. Everett. In the answer in his own behalf, he relies on each of three several tax deeds, duly recorded, based on assessments of the locus for the years 1897, 1898 and 1899, the failure to pay the taxes thus determined, and the expiration of the time for redemption. He further relies upon a title to the locus alleged to have been acquired through his adverse possession. As executor, he relies upon a mortgage to his testatrix, undischarged of record, which the master hereinafter referred to found in fact was paid.

The petition and answers were referred to a master "to find the facts and make report thereon to the court as to any tax titles involved, as well as all other matters in issue." The master made report in favor of the petitioner. He denied inferentially certain requests of the respondent for findings of fact and rulings of law. To the findings of fact and rulings of law made the respondent objected and excepted. All the objections and exceptions of the respondent were overruled, and the master's report was confirmed in an interlocutory decree. An order for a final decree, to the effect that the petitioner has title to the land described in the petition proper for registration, was passed and filed in the Land Court. From the interlocutory decree the respondent appealed to this court. G. L. c. 185, §§ 15, 48. *Welsh, petitioner,* 175 Mass. 68.

The petitioner claimed title to the locus through a conveyance of one Gregory W. Grover and Frances L. Grover. The Grover grantors derived such title as they had by inheritance from one Thomas E. Grover. Thomas E. Grover, trustee, acquired a title in mortgage to the locus by deed of one Carrie E. Kennedy on June 30, 1898. On January 31, 1903, Thomas E. Grover, trustee, foreclosed the mortgage deed dated June 30, 1898, and conveyed to himself. The deed contains the following clause: "Subject to all tax sales, tax liens and unpaid taxes if any remain unpaid." November 7, 1900, the locus was sold for the nonpayment of taxes for the years 1897, 1898 and 1899, and was purchased by the respondent, John Everett. The period of redemption expired on November 7, 1902. The tax titles were on assessments to Carrie E. Kennedy.

The locus was a portion of a larger tract owned by one Ann S. Fuller, and was acquired by Carrie E. Kennedy on July 6, 1893. Carrie E. Kennedy mortgaged the locus to Elizabeth M. B. Everett (the mother of the respondent) for $100; the money due on this mortgage was paid but the mortgage was not discharged of record at the time of the hearing before the master. May 21, 1901, Carrie E. Kennedy reconveyed the locus to her mother, Ann S. Fuller; and subject to the mortgage to Grover and to the title of the

respondent, acquired by the tax deeds, if valid, it then became a part of the larger parcel.

February 28, 1902, Ann S. Fuller mortgaged the real estate including the locus to Elizabeth M. B. Everett, and conveyed the same tract to Ellen M. Fuller and Stephen F. Farnsworth. Farnsworth and his cotenant were therefore in rightful possession of the whole tract before the tax titles matured on November 7, 1902, and the foreclosure of the Grover mortgage on January 31, 1903. July 31, 1909, the respondent, as executor of the will of Elizabeth M. B. Everett, after entry foreclosed the mortgage of February 28, 1902, and sold the property to Elizabeth E. Coleman. Coleman has since deceased, and the respondent holds as devisee or by inheritance such title as she held under the foreclosure sale. Farnsworth occupied the locus in his own right before the tax titles matured in 1902 and the Grover mortgage was foreclosed in 1903. After the tax title, if valid, matured and until the foreclosure by the respondent in 1909, Farnsworth, on the facts, could be found to have occupied the locus as a tenant of the respondent. After the sale, the locus was occupied by one George Hamblin as the tenant of Mrs. Coleman and the respondent. March 31, 1911, Mrs. Coleman conveyed the property, not including the locus, to one Delvecchi, and held the locus as tenant of Everett. October, 1915, Delvecchi conveyed the property, not including the locus, to one Domico, who could be found on the facts reported to have occupied the locus as a garden with the permission of the petitioner. In 1903, and until his death in 1910, Grover held his title under the foreclosure sale subject to the tax titles, if valid. "There is no evidence . . . that Judge Grover exercised any particular acts of ownership from the time of the foreclosure of his mortgage, except to pay the taxes thereon and to carry on some negotiations with the Harringtons looking to its sale." Warranted by the facts reported, the master found that neither the petitioner nor the respondent had any claim to the locus by possession and user for more than twenty years; and we put to one side any claim of the petitioner or of the respondent

to title in the locus derived through adverse possession held under a claim of right for twenty years.

The description of land situated as this land is, in a small town, to the owner, the bidder and the inhabitants of the town is definite, and can be located with substantial certainty, and there is no possible obscurity as to the side of the street upon which the land is located.

The petitioner requested the master to find as a fact "That the town of Canton never fixed a time within which the taxes for the years 1898 and 1899 should be paid." Pub. Sts. c. 11, § 67 provides: "When a . . . town has fixed a time within which taxes assessed therein shall be paid . . . such town at the meeting when money is appropriated or raised, may vote that, on all taxes remaining unpaid after a certain time, interest shall be paid at a specified rate, not exceeding seven per cent per annum; . . . and the interest accruing under such vote or votes shall be added to, and be a part of, such taxes." At the annual town meeting in 1897 it was voted "That the collector be required to collect and pay over to the Treasurer before the first day of July 1897 all the taxes assessed before 1896, and that all taxes assessed in 1896 be collected and paid over to the Treasurer before the first day of February 1898, compensation for the collection of taxes assessed in 1897 to be one per centum on all collected and paid over to the Treasurer before the first day of February 1898 and one half of one per centum on all collected and paid over after that date." At the annual town meeting in 1898 it was voted that " . . . interest at the rate of six per cent per annum from December 1st will be charged and collected on all taxes of 1898 not paid before the 31st of December 1898." At the annual town meeting of 1899 it was voted that " . . . interest at the rate of six per centum per annum from December 1st will be charged and collected on all taxes of 1899 not paid before the 31st day of December 1899." The advertisements of these three tax sales state that "said parcels of real estate will be offered for sale by public auction — for the payment of said taxes and interest with all necessary costs and charges etc." The tax deeds severally recite that the collector "advertised said real estate to be sold by public auction for

payment of said taxes and all incidental charges and fees"; and that the collector proceeded to sell "for discharging and payment of said taxes thereon and said incidental costs and expenses."

Presumably because the deeds did not recite in accordance with the advertisement that the land would be sold for the payment of said taxes and interest, but recited that the collector "advertised . . . for payment of said taxes," omitting the words "and interest," the master found that he could not determine whether the price for which the estate was sold included or did not include interest. If, under the vote of the town, the collector should have collected interest on the taxes assessed on the locus for the years 1897, 1898 and 1899, or on the tax assessed on the locus for any one of these years, and did not do so, it is plain the tax sale for the year when interest should have been collected did not follow the advertisement for a sale for the payment of taxes and interest, and the collector's deed given is void. *Conners* v. *Lowell*, 209 Mass. 111. If, on the other hand, the locus was sold to include interest upon the tax assessed thereon, and the collector was without authority to add interest to the tax assessed, the sale was void because the price received was beyond the tax and necessary intervening charges. Pub. Sts. c. 12, § 35.

The vote of the town at the annual meeting for the year 1897 did not authorize the collection of interest from a delinquent taxpayer, and no interest could be collected lawfully without such vote. The votes at the annual meetings for the years 1898 and 1899, respectively, are clear expressions of an intent that delinquent taxpayers should pay interest on taxes after December 1, in the years 1898 and 1899, if such taxes are not paid before December 31 in those years. It follows that the collector's deed for the year 1897 was void because the locus was advertised to be sold for the payment of taxes and for the payment of interest thereon without authority of law. It further follows, for the reasons above stated, that the collector's deeds for the sale of the locus to pay the taxes assessed for the years 1898 and 1899 were also void, because it cannot be determined from the

deed whether the sale did or did not follow the advertisement as to interest or whether the price received at the sale did or did not include interest.

*Decree affirmed.*