CITY OF SPRINGFIELD *vs.* ARCADE MALLEABLE IRON
COMPANY.

Hampden.  January 8, 1934. — January 9, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Land Court*, Appeal, Foreclosure of tax title.  *Tax*, Sale: description;
Foreclosure of tax title.  *Deed*, Tax deed.

A notice of a tax sale must contain a description of the land concerned
sufficiently accurate to enable the owner and prospective bidders to
identify it with substantial certainty.

Whether the description contained in a notice of a tax sale meets such
requirement is commonly a mere question of fact.

Where a judge of the Land Court found, upon a petition by a city to
foreclose a tax title, that the respondent had owned "one contiguous
parcel" of land on a street; that the tax title in question pertained to
a portion of that land; that such portion had been described in the
notice of the tax sale and the tax deed merely as a lot of a certain area
situated on that street and adjoining other land of the respondent;
that neither the judge, the owner nor prospective bidders could ascer-
tain "what the tract of land was that was [so] described," and ordered
the petition dismissed, an appeal from his decision presented no ques-
tion of law and the decision was affirmed.

PETITION, filed in the Land Court on December 29, 1932,
described in the opinion.

The case was heard by *Davis*, J.  Material findings by
him are stated in the opinion.  He ordered the petition dis-
missed.  The petitioner appealed.

The case was submitted on briefs.

*C. V. Ryan, Jr.*, City Solicitor, for the petitioner.

*L. F. Davis*, for the respondent.

RUGG, C.J.  This is a petition to foreclose a tax title
held by the petitioner on real estate of the respondent.  It
comes before us by appeal from a decision of the Land
Court dismissing the petition.  The land was sold in 1930
for nonpayment of the taxes of 1929.  The question is
whether the description in the advertisement and deed was
adequate to conform to the requirements of the law.

In the decision of the trial judge it was found that "All of the property of the respondent in Springfield consists of one contiguous parcel of land situate between Page Boulevard on the northwest, a way sometimes known as Hendee Street on the northeast, the Boston and Albany Railroad on the southeast and land now or formerly of J. Howard Jones on the southwest." Assessments were made upon this parcel as two lots. One lot was described as a "lot of land assessed to Charles M. Jacobs, supposed subsequent owner the Arcade Malleable Iron Company, containing 5204 square feet, situate on the easterly side of Page Boulevard and adjoining estate now or formerly of J. Howard Jones." The other lot was described in the advertisement for tax sale as a "lot of land containing about 202,864 square feet with building thereon situate on the easterly side of Page Boulevard and adjoining estate now or formerly of other land of said Arcade Malleable Iron Company." The controversy relates solely to the larger tract. The validity of the tax sale of the smaller tract is not here involved. The vital finding of the trial judge is in these words: "Apparently the assessors made a distinction for some unknown reason between a strip of land containing 5204 square feet bounding southwesterly on the Jones land and northwesterly on the boulevard and the remainder of the respondent's land to the northeast of that. The respondent knew that its taxes were not paid, and its officers supposed that the advertisement of sale of the larger tract included all of their land. On the other hand the question before me is simply whether the description was sufficient for a valid advertisement and tax deed. I am constrained to find that it was not. A proposed purchaser could not tell, the owner did not understand, nor, with the examiner's report before me, can I ascertain what the tract of land was that was described as being situated on the easterly side of Page Boulevard adjoining estate now or formerly of other land of the Arcade Malleable Iron Company and containing about 202,864 square feet."

This finding of fact must be accepted as true in the circumstances here disclosed. Whether land is identified by

a description is commonly and in the case at bar a question of fact. Only questions of law are open for review. *Marvel* v. *Cobb*, 204 Mass. 117. *Bessey* v. *Ollman*, 242 Mass. 89, 91. *Holmes* v. *Barrett*, 269 Mass. 497, 499. *Burke* v. *Commonwealth*, 283 Mass. 63, 67.

The object and purpose of a notice for a tax sale is to apprise the owner and the public that a specified parcel of land is ·to be sold. It must be sufficiently accurate to enable the owner and the public to identify the premises. It must give information so adequate that from its terms both owner and prospective bidders may locate the land to be sold with substantial certainty. While it need not be so detailed as to point out precise boundaries with the exactness of a technical survey, it must convey reasonably definite knowledge as to the tract of land intended. *Williams* v. *Bowers*, 197 Mass. 565. *Conners* v. *Lowell*, 209 Mass. 111, 120. The decision of the judge shows that the description here in question did not conform to these requirements.

The case at bar is distinguishable from *Larsen* v. *Dillenschneider*, 235 Mass. 56, where there was reference to a plan, and also from *Galligan* v. *Everett*, 259 Mass. 94, 98, where the description although meager was of land in a small town with widespread knowledge of particular parcels.

*Order dismissing petition affirmed.*