THOMAS J. McHALE & another *vs.* KENNETH F. TREWORGY & another.

Middlesex.    October 6, 1949. — March 2, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Taxation,* Real estate tax: assessment, tax title, tax deed. *Deed,* Description, Tax deed.

An error in a real estate tax assessment purporting to be upon "19,340 square feet of land, more or less . . . being part of" a certain lot shown on a recorded plan as having that area, whereas it appeared that about two years before the assessment the person assessed as owner had conveyed part of such lot by a deed describing it by metes and bounds, and a like error in a tax collector's deed using the same description as that in the assessment, were so substantial and misleading as to make the tax deed invalid, notwithstanding the provisions in the last sentence of G. L. (Ter. Ed.) c. 60, § 37, as appearing in St. 1943, c. 478, § 1.

The grantee under a deed by a town treasurer following a sale under G. L. (Ter. Ed.) c. 60, § 79, acquired no title, notwithstanding the provision of that section that a title thereunder should be "absolute" upon recording of the deed, where it appeared that the tax title upon which the sale was based was invalid because of a substantial and misleading error in the descriptions in the assessment and in the tax collector's deed to the town.

BILL IN EQUITY, filed in the Superior Court on February 24, 1948.

The suit was heard by *Morton,* J.

*F. S. Harvey,* for the defendants.

*J. P. Cassidy,* for the plaintiffs.

COUNIHAN, J.    This is a suit in equity by which the plaintiffs seek to compel the defendants to remove certain struc-

tures and installations which they allege encroach and trespass on their land in Billerica, and to establish a division line between their land and the land of the defendants adjoining.

The plaintiffs claim title under a deed from the treasurer of the town of Billerica. G. L. (Ter. Ed.) c. 60, § 79, as appearing in St. 1941, c. 594, § 1. The defendants in substance admit that they are the owners of the land adjoining the land alleged to be owned by the plaintiffs and that part of their structures encroach on this land, but deny that the plaintiffs have good title to this land. The defendants base their contention upon the ground that the deed upon which the title of the plaintiffs depends is invalid and conveyed no title whatever for two reasons: first, because the collector's notice of sale and tax deed did not contain a substantially accurate description of the land to be sold as required by G. L. (Ter. Ed.) c. 60, § 40, and, second, because the description in the tax deed is not sufficiently definite on general principles of interpretation of a deed.

This suit was submitted on a statement of agreed facts. The judge made a report of material facts and ordered the entry of a decree granting the plaintiffs the relief they sought. From the decree so entered the defendants appeal.

This suit having been heard on a statement of agreed facts, on appeal we consider the questions involved without reference to the decision or findings of the trial judge. *Sewall* v. *Elder*, 279 Mass. 473, 476. It appears from the statement of agreed facts that the plaintiffs' land, the title to which is now in question, and the defendants' land together constituted lot 18 unit 4, as shown on a plan entitled "Plan of River Pines, Billerica, Mass.," surveyed May, 1927, by R. F. Smith, surveyor, and recorded with Middlesex North District registry of deeds, plan book 52, plan 10, and containing nineteen thousand three hundred forty square feet. This plan is not in the record but it is agreed that the "Plan of Lot No. 18 Unit No. 4. River Pines. Billerica," by Dana F. Perkins, surveyed Septem-

ber 17, 1947, as shown in the record, substantially sets
forth the lot lines of the two parcels of land in question and
shows the extent of the encroachment on the lot alleged to
be owned by the plaintiffs, 18A, of the building on the de-
fendants' lot, 18B.

The statement of agreed facts further shows that on
May 11, 1938, one George Wolfe was, and had been for
many years, the owner of lot 18 unit 4 as it appears on both
plans; that on that day he conveyed to James F. Wolfe
by deed with metes and bounds the parcel of land now
owned by the defendants, with a recital in the deed that
it was part of lot 18 unit 4 on the Smith plan; that James F.
Wolfe by deed dated July 31, 1946, duly recorded, con-
veyed the same premises to the defendants; that on Janu-
ary 1, 1940, a real estate tax was assessed to George Wolfe
as follows: "George Wolfe: 19,340 square feet of land, more
or less, with the buildings thereon being part of lot num-
bered 18, Unit 4, on a plan of land entitled, 'River Pines'
and recorded in said Registry [Middlesex North District],
Plan Book 52, Plan 10 [the Smith plan]. Tax of 1940
$12.01"; that by a deed dated April 25, 1942, duly re-
corded in Middlesex North District registry of deeds,
book 978, page 559, the collector of taxes of the town of
Billerica "conveyed to the town of Billerica for nonpay-
ment of taxes assessed to said George Wolfe for the year
1940" the premises as they were described in the assess-
ment; that the affidavit of the collector, as provided in
G. L. (Ter. Ed.) c. 60, § 57, was duly recorded, with copies
of the advertisement and notice annexed; that the de-
scription in the notice, as posted and published, was the
same as in the tax deed; that on June 5, 1947, the com-
missioner of corporations and taxation made an affidavit
of his finding as to low value lands required by G. L. (Ter.
Ed.) c. 60, § 79, which was duly recorded; that in this
affidavit the premises are described as "Part of lot 18,
Unit 4, River Pines Place," with a reference to the tax
deed recorded in said registry of deeds, book 978, page 559;
that on July 23, 1947, the treasurer of the town of Billerica

by deed duly recorded conveyed the premises to the plaintiffs, G. L. (Ter. Ed.) c. 60, § 79; and that in this deed the premises were described as owned by George Wolfe, "'River Pines' Lot 18," and reference was made to the tax title deed recorded in book 978, page 559. The defendants rely solely upon inaccurate and misleading descriptions in the instruments on which the plaintiffs rest their claim of title.

The descriptions in the assessment, in the notice of sale as published and posted, in the collector's deed to the town of Billerica, in the affidavit of the commissioner, and in the deed of the treasurer of the town of Billerica are all inaccurate. We are principally concerned with the description in the collector's deed to the town for it is upon this deed that the title of the plaintiffs rests. The plaintiffs rely on G. L. (Ter. Ed.) c. 60, § 37, as appearing in St. 1943, c. 478, § 1, which in its last sentence provides that "No tax title . . . shall be held to be invalid by reason of any error or irregularity which is neither substantial nor misleading . . .." This provision of § 37 has been in the statutes, in substance, since 1915, St. 1915, c. 237, § 17, and its purpose was to mitigate the severity of the rule as to tax title instruments. It has been established that whether an error in the description of land is substantial or misleading is commonly a question of fact. *Springfield* v. *Arcade Malleable Iron Co.* 285 Mass. 154, 155–156. See *Boston* v. *Lynch*, 304 Mass. 272, 275.

We are of the opinion that § 37 does not mitigate the inaccuracy in the description in the collector's deed because the error was so substantial and misleading as to render it an invalid deed. It was said in *Springfield* v. *Arcade Malleable Iron Co.* 285 Mass. 154, 156, "The object and purpose of a notice for a tax sale is to apprise the owner and the public that a specified parcel of land is to be sold. It must be sufficiently accurate to enable the owner and the public to identify the premises. . . . While it need not be so detailed as to point out precise boundaries with the exactness of a technical survey, it must convey reasonably definite knowledge as to the tract of land intended."

We do not believe that it was ever intended by § 37 to do

away with the fundamentals of a valid deed as recognized and applied in all other instances in law. Tiffany, Real Property (3d ed.) § 990, says in part, "In order to make a valid conveyance of land, it is essential that the land itself, the subject of the conveyance, be capable of identification, and, if the conveyance does not describe the land with such particularity as to render this possible, the conveyance is absolutely nugatory . . .." In § 997 it is said, "a case of insufficiency of description quite frequently arises by reason of a conveyance in terms of a part of a tract, without any indication of its position in such tract." Here the description in the collector's deed was "19,340 square feet of land more or less with buildings thereon being part of lot numbered 18 Unit 4 on a plan of land entitled 'River Pines' and recorded in Middlesex North District Registry of Deeds, Plan Book 52, Plan 10." In our view this described no land at all and therefore conveyed no land. *Conners* v. *Lowell,* 209 Mass. 111, 122 (note that descriptions where abutters were given in "4" and "5" were held valid, pages 120–121). *Michelson* v. *Sherman,* 310 Mass. 774.

The plaintiffs, however, assert that they acquired a good title to this land by the deed of the treasurer of the town of Billerica, by reason of G. L. (Ter. Ed.) c. 60, § 79, which provides, among other things, that "Title taken pursuant to a sale under this section shall be absolute upon the recording of the deed of the treasurer in the proper registry of deeds." This statute only applies, however, if the title acquired is a valid one. "The general trend of decisions indicates that once a valid assessment of taxes and a sale for nonpayment of the same have been made, the method of foreclosure of the right to redeem lies within the legislative discretion." *Napier* v. *Springfield,* 304 Mass. 174, 178. A tax deed invalid because of a description which is so inaccurate as to be a substantial and misleading error cannot be made valid by § 79.

The provisions of G. L. (Ter. Ed.) c. 60, § 80A, as inserted by St. 1941, c. 594, § 3, upon which the plaintiffs

also rely, are not applicable. This section bars only persons having a right of redemption or any other interest in the land upon whom proper service of notice of the sale was made. The defendants assert no such right or interest and rely solely upon the invalid title of the plaintiffs as a complete answer to this bill.

The decree appealed from is reversed and a decree is to be entered dismissing the bill, with costs to the defendants.

*So ordered.*