## CHALFANT, ANCILLARY ADMINISTRATOR OF THE ESTATE OF OLETT, Plaintiff, v. BIRNEY et, Defendants.

Common Pleas Court, Jefferson County.

No. 43450. Decided July 21, 1954.

Harry B. Chalfant, Samuel Freifield, Steubenville, on behalf of the plaintiff.

Lee VanTilburg, Steubenville, on behalf of defendant, Dwain Birney.

Carl F. Allebaugh, John B. Worley, Steubenville, on behalf of defendant, Lawrence C. Heil.

### OPINION

By GRIESINGER, J:

This case is before the Court on the first cause of action in the amended petition of the plaintiff, the answer and the first cause of action of the cross-petition of the defendant, Dwain Birney, and the answer setting up the alleged interest of Lawrence C. Heil, Executor, and the evidence.

The No. 8 vein of coal under the 140.75 acres was deeded to the plaintiff's decedent. The Heils have deeds for the greater part of said 140.75 acres but in all of the said deeds the No. 8 vein of coal was expressly excepted or of a later date than the deed of the plaintiff's decedent.

The defendant, Dwain Birney, claims title to fifteen acres of coal

under said 140.75 acres in question by reason of an auditor's deed, which was of a later date than the deed of the plaintiff's decedent.

The defendant Birney received his deed as the result of a tax foreclosure sale. Taxes were levied against fifteen acres of minerals of the plaintiff's decedent in said township and section. Plaintiff's decedent not having paid said taxes it resulted in the tax foreclosure sale.

The minerals in the defendant Birney's deed were described as follows: Situated in the Township of Smithfield, County of Jefferson and State of Ohio, and bounded and described as follows: "Wm. S. Olett, owner of the property in Smithfield Township described as: page 28, 3-18-13, 15.00 acres minerals."

There are two questions we are called upon to decide:

First: Do the Heils, or any of them, have any interest in any of the No. 8 vein of coal underlying said 140.75 acre tract?

Secondly: Does the defendant, Dwain Birney, own fifteen acres of coal under said 140.75 acre tract, or does all of the coal under said tract, whatever it may be, belong to the plaintiff's decedent?

First disposing of the claim presented by the Heils, it is the opinion of the Court that they do not have any interest whatsoever in the Pittsburgh No. 8 vein of coal underlying said 140.75 acres and the Court so finds.

Now what about the claim of the defendant, Dwain Birney, to fifteen acres of the Pittsburgh No. 8 vein of coal. The defendant's tax deed in substance calls for fifteen acres of minerals in said township and section and which were owned by William S. Olett, plaintiff's decedent.

We can readily assume that by "minerals" is meant coal, and Pittsburgh No. 8 vein of coal, because Mr. Olett, as far as the record is concerned, owned no other minerals in said section, township and range. The evidence does disclose that he owned 5.4 acres of other No. 8 vein of coal in said section, township and range. The evidence also disclosed that there was **more** than fifteen acres of unmined Pittsburgh No. 8 vein of coal under said 140.75 acres at the time that the defendant Birney received his tax deed.

It would be very difficult to determine the intention of the parties, if any, from a tax deed. As a matter of fact there is nothing in this case to show that the auditor intended to convey or that defendant Birney intended to receive any particular part of the No. 8 vein of coal under said tract and amounting to fifteen acres.

Greater strictness is required in the description in tax deeds than is required in conveyance **inter vivos.**

16 American Jurisprudence, Section 265, page 588.

It is generally held that if the property cannot be identified from the description in the tax deed the deed is void.

67 A. L. R., page 890.

51 American Jurisprudence, Section 1035, page 904, and Section 1085, page 944.

**Laffertys' Lessee, v. Daniel Byers, 5 Ohio Reports, 458.**

The same rule as to certainty of description applies to mineral rights as to surface rights.

**27 O. Jur., Sec. 5, p. 42.**

It is claimed by counsel for the defendant Birney that by looking at extraneous matters covered by evidence outside a deed it is possible to locate the fifteen acres of minerals and the Court is bound to do so, otherwise a gross injustice would be inflicted upon his client.

Now is it possible to locate these fifteen acres of minerals? It was developed by the testimony that there are more than fifteen acres of No. 8 coal under said 140.75 acre tract. There is nothing to indicate what part thereof is called for in the auditor's deed.

The Court, therefore, finds that said fifteen acres of coal cannot be located and that said tax deed is void for uncertainty.

13 O. Jur., Sec. 127, p. 941.

It is further contended by counsel for the defendant, Dwain Birney, that by reason of §5723.12 (§5762 GC) and §5723.13 R. C. (§5762-1 GC), the defendant Birney's deed after one year became absolute and no question could be raised regarding the same.

Sec. 5723.12 R. C. provides, in part, that:

"* * * which deed shall be prima facie evidence of title in the purchaser, his heirs or assigns. * * * Conveyance of such real estate by the auditor shall extinguish all previous title and invest the purchaser with a new and perfect title free from all liens and encumbrances."

And §5723.13 R. C., in part, reads as follows:

"No action shall be commenced, nor shall any defense be set up to question the validity of the title of the purchasers at such sale for any irregularity, informality, or omission in the proceedings relative to the foreclosure, forfeiture, or sale, unless such action is commenced or defense set up within one year after the deed to such property * * *."

Under said sections of the Revised Code an auditor's tax deed which is not void on its face, and where all jurisdictional steps have been taken, would be conclusive evidence of the legality of the proceedings under which said property was sold after a year.

But in the instant case the auditor's deed is void on its face for uncertainty and passes no title by virtue of said sale and deed to the defendant, Dwain Birney.

5 A. L. R., second, 1021.

51 American Jurisprudence, Section 1095, page 952.

McHale, et al. v. Treworgy, 325 Mass. 381, 90 Northeastern, 2nd series, page 908.

It is, therefore, the opinion of the Court that the plaintiff's prayer should be granted and the title of the plaintiff's decedent to the No. 8 vein of coal under the 140.75 acres should be quieted as against all the defendants to this action. Special entry.