DAVID WEINSTEIN *vs.* PEARL M. GREEN, administratrix.

Suffolk. May 4, 1964. — June 4, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Contract,* What constitutes, For sale of real estate.

Whether a certain request by a prospective seller of real estate for bids therefor to be accompanied by a certified or bank deposit check payable to the bidder and indorsed to the seller's agent was an offer for a contract of sale or merely an invitation to make offers, the second highest bidder was not entitled in equity to have the seller ordered to convey the real estate to him where it appeared that such bidder's certified deposit check was payable directly to the seller's agent, that the highest bidder's deposit check as submitted with his bid was an uncertified personal check payable directly to the seller but at the opening of bids was taken to the bank and certified and immediately brought back, and that the highest bidder was then declared to be the successful bidder.

BILL IN EQUITY filed in the Superior Court on August 9, 1963.

The suit was heard by *Brogna, J.*

*Edward M. Swartz (William L. Berger* with him) for the plaintiff.

*Joseph G. Crane* for the defendant.

WHITTEMORE, J. The plaintiff sought a decree in the Superior Court commanding the defendant administratrix to convey to him certain property in Boston for which he

had submitted a competitive bid. This is an appeal from the final decree dismissing his bill of complaint. As the case was submitted on facts agreed in open court supplemented by documents we consider the issue without reference to the findings and rulings below. *McHale* v. *Treworgy,* 325 Mass. 381, 382. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 333–334.

An agent of the defendant having exclusive brokerage rights sent requests for bids on two parcels of real estate to the plaintiff and others. The request contained three copies of a purchase and sale agreement form and specified that to submit a bid the bidder must sign two copies of the form and insert in them the name and address of the bidder and the amount of the bid. The request also provided that a certified or bank check for $20,000, payable to the bidder or bidders and indorsed by the payee or payees to the selling agent, must accompany the forms. It specified that the receipt of the two copies of the form at or before the time specified, "accompanied by such certified or bank check, shall constitute the submission of a bid for the purchase of the property," and that upon the opening of the bids and "a determination as to the highest bid, one copy of the form of Purchase and Sale Agreement . . . will be executed by . . . [the defendant] and returned to the successful bidder. . . . Any and all bids submitted on any other form or in any manner other than as hereinabove contained shall be rejected."

The plaintiff's bid was for $126,000. The accompanying certified check was payable directly to the selling agent and not to the bidder (with endorsement by him) as required by the request. The bid of R. M. Bradley & Co., Inc. (Bradley), was for $130,100. The accompanying check was drawn by Bradley, was not certified, and was payable to the defendant. A representative of the selling agent then declared a recess, Bradley's check was taken to the bank and brought back certified within fifteen minutes. Bradley was then declared the successful highest bidder.

The plaintiff contends that the request for bids was an offer and not a mere invitation to deal and that his bid was

the highest qualified bid under the terms of the sale, Bradley's check not being certified at the time the bids were opened. It follows, we are told, that upon this being ascertained the plaintiff's bid operated as an acceptance of the offer, and that a contract was thereupon consummated.

Requests for bids are usually nonbinding invitations for offers. See *Palmer* v. *Haverhill,* 98 Mass. 487 (specific reservation); *Conway Sav. Bank* v. *Vinick,* 287 Mass. 448, 452–454 (auction); *Payne* v. *Cave,* 3 T. R. 148 (auction); Restatement: Contracts, § 25, comment a, illustration 5. However, "there seems no reason to suppose that it is not possible for one seeking tenders to make a statement that he will accept the highest tender in such positive terms that the statement will amount to an offer and ripen into a contract with the person thereafter making the highest tender." Williston, Contracts (3d ed.) § 31. *McNeil* v. *Boston Chamber of Commerce,* 154 Mass. 277, 279–280.

The defendant contends that the failure specifically to reserve the right to reject all offers and the statement that "Upon the opening of . . . bids and a determination as to the highest bid" the seller would execute the purchase and sale agreement with the maker of the bid did not by themselves convert what would otherwise be an invitation to deal into an offer. Cases from other jurisdictions dealing with auction sales have held that, even when the advertisement for the auction states that property will be sold to the highest bidder and there is no specific reservation of power to reject bids, the advertisement is still only an invitation to deal. *United States ex rel. Goldberg* v. *Meyer,* 37 Ct. App. D. C. 282, affirmed sub nomine *United States ex rel. Goldberg* v. *Daniels,* 231 U. S. 218. *Anderson* v. *Wisconsin Cent. Ry.* 107 Minn. 296, 314. *Drew* v. *John Deere Co. of Syracuse, Inc.* 19 App. Div. 2d (N. Y.) 308, 310–311. Annotation, 37 A. L. R. 2d 1049, 1052–1053. Corbin, Contracts, § 108. In *Curtis* v. *Aspinwall,* 114 Mass. 187, 191–192, this court held that a statement in the announcement of an auction sale that the sale would be "positive" amounted to an auction without reserve and implied a guaranty that the property would be sold to the highest bidder.

We need not determine whether the request in the case at bar was an offer or an invitation to deal. The plaintiff's contention requires recognition of the defendant's power to waive defects in bids, for the plaintiff's check did not conform exactly to the terms of the request. We are not prepared to rule that the defendant was bound to regard Bradley's deviation from the strict terms and disregard the plaintiff's.

*Decree affirmed with costs of appeal.*