JAMES NASIS & another *vs.* AMERICAN MOTORISTS
INSURANCE COMPANY & another.

Worcester.   May 1, 1967. — August 25, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Insurance,* Motor vehicle liability insurance.   *Motor Vehicle,* Registration.
   *Equity Pleading and Practice,* Case stated, Appeal.

It was the duty of a judge of the Superior Court hearing a suit in equity
   on agreed facts constituting a case stated to order the correct decree,
   and on appeal this court considered the questions involved without
   reference to his decision or findings.   [221]
A registered motor vehicle from which the owner removed the registration
   plates and which he rendered inoperable by breaking all its windows

and removing various essential parts and giving them to a friend, but which he left in his sister's garage capable of being towed, still remained a motor vehicle as defined in G. L. c. 90, § 1, and he did not by such acts "transfer the ownership" or lose "possession" thereof within § 2, as amended by St. 1961, c. 568, § 1; and a motor vehicle newly acquired by him to which the same day he attached the registration plates of his earlier vehicle and which later that day was in an accident while he was operating it was not, under G. L. c. 175, § 113A, as amended by St. 1961, c. 568, § 2, covered by the compulsory motor vehicle liability insurance policy which had covered his earlier vehicle, although before the expiration of the second business day of the registry of motor vehicles following such acts and accident the registration of his earlier vehicle was transferred to his new vehicle and the insurer certified on the registration application for his new vehicle that there was compulsory insurance coverage on it.   [222–223]

BILL IN EQUITY filed in the Superior Court on September 27, 1965.

The suit was heard by *Bolster, J.*

*Francis P. O'Connor* for the defendant.

*Robert B. Bowen* for the plaintiffs.

REARDON, J. This is a bill in equity to reach and apply the proceeds of a compulsory motor vehicle liability insurance policy to satisfy judgments obtained by the plaintiffs against the defendant William H. Robichaud. The case was submitted as a case stated. The evidence was not reported. The trial judge entered a decree which directed the defendant American Motorists Insurance Company (American) to pay to the plaintiffs the sum of $5,068.13. The bill of complaint was dismissed as to the defendant Robichaud. American appeals from the final decree.

On March 29, 1963, Robichaud owned a 1953 Ford sedan. He was the insured in a motor vehicle liability insurance policy issued by American, a copy of which was attached to the plaintiffs' bill. Robichaud purchased on that date a 1955 Plymouth sedan and gave notice of such purchase to the insurance agent who originally placed the insurance represented by the aforementioned policy.[1] On the advice of the agent, Robichaud removed the registration plates from the Ford and placed them on the Plymouth. The

---

[1] It is not agreed that said "agent" was the agent of either party.

Ford was at this time located in a garage belonging to Robichaud's sister and it remained there until May 8, 1963. On that same day, March 29, 1963, Robichaud broke all the windows in the Ford and he and a friend removed various parts from the automobile, including parts of the engine, the carburetor and the electrical wiring system, and these were given to the friend. Later that day, while operating the Plymouth to which was attached the registration plates taken from the Ford, Robichaud was involved in an accident with an automobile in which the plaintiffs were riding. On Monday, April 1, 1963, Robichaud had the registration transferred from the 1953 Ford to the 1955 Plymouth. On that date American stamped on the registration application for the 1955 Plymouth a certification that there was insurance coverage in accordance with the Massachusetts compulsory motor vehicle insurance law. As a result of the accident the plaintiffs James and Louise V. Nasis obtained judgments of $1,000 and $3,779.25, respectively, which remain unsatisfied. The plaintiffs instituted the present suit after a demand made to American to satisfy the judgments had been refused.

It was the duty of the judge to order the correct decree upon the case stated. *Associates Discount Corp.* v. *Gillineau,* 322 Mass. 490, 491. *Quincy* v. *Brooks-Skinner, Inc.* 325 Mass. 406, 410–411. *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 728–729. The suit having been heard on a statement of agreed facts, on appeal we consider the questions involved without reference to the decision or findings of the trial judge. *McHale* v. *Treworgy,* 325 Mass. 381, 382. *Weinstein* v. *Green,* 347 Mass. 580, 581.

The motor vehicle liability insurance policy issued by American to Robichaud did not by its terms cover the Plymouth at the time of the accident. The policy obligated American with respect to a motor vehicle registered to the insured. The automobile registered in Robichaud's name at the time of the accident was the 1953 Ford, the registration not being transferred to the Plymouth until April 1, some three days later. If the plaintiffs are to recover, it

must be in reliance on requirements imposed by the compulsory motor vehicle liability insurance law, since motor vehicle policies such as the one issued to Robichaud must be presumed to contain the matters of substance contained in the statute. *Aetna Life Ins. Co.* v. *Hardison,* 199 Mass. 181, 186. *O'Roak* v. *Lloyds Cas. Co.* 285 Mass. 532, 535. *Guzenfield* v. *Liberty Mut. Ins. Co.* 286 Mass. 133, 135. *Taxeira* v. *Arter,* 292 Mass. 537, 539. *Wheeler* v. *O'Connell,* 297 Mass. 549, 551.

The plaintiffs rely on St. 1961, c. 568, to sustain their contention that the insurance policy issued by American covered the 1955 Plymouth at the time of the accident. Section 1 of c. 568, amending G. L. c. 90, § 2, provides that a "person who transfers the ownership of a registered motor vehicle or trailer owned by him to another or who loses possession thereof and who intends to transfer the registration of such motor vehicle or trailer to a newly acquired vehicle" may. operate the newly acquired vehicle without its being registered until the end of the second registry business day following the date of transfer. Section 2 of c. 568, amending G. L. c. 175, § 113A, states that the insurance. policy in effect on the transferred vehicle covers the new automobile during this limited period of operation.

The difficulty with the plaintiffs' argument is that Robichaud neither transferred ownership nor lost possession of his Ford. We recognize that he rendered the Ford inoperable before the accident occurred. Nevertheless, it still remained a motor vehicle as defined by G. L. c. 90, § 1. It was capable of being towed, and if towed on the highways the statute required that it be registered. See G. L. c. 90, § 9.

The thrust of St. 1961, c. 568, § 1, is to alleviate the inconvenience suffered by persons who transfer the ownership, or lose possession, of their automobiles by allowing them to operate a newly acquired vehicle for a limited period prior to the formal transfer of registration to the new vehicle. The Legislature, however, did not intend

c. 568 to authorize a person to operate one vehicle owned by him under the registration of another vehicle owned and still possessed by him without a formal transfer of the registration. Robichaud would have suffered no inconvenience had he continued to operate his Ford until April 1, 1963, when the registration was transferred to the Plymouth. He is thus not a member of the class intended by the Legislature to be benefited by the passage of St. 1961, c. 568.

The plaintiffs may not reach and apply the proceeds of the motor vehicle liability policy issued by American. The final decree is reversed. A final decree dismissing the bill is to be entered.

*So ordered.*