COMMONWEALTH *vs.* KENNETH BRADY.

Middlesex.    April 5, 1976. — July 9, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Motor Vehicle,* Unlawful operation.    *Statute,* Construction.    *Evidence,* Opinion.

In the trial of a complaint charging the defendant with operating an unregistered motor vehicle, there was no error in excluding evidence that the failure of the defendant to have a bill of sale on his person, as required by G. L. c. 90, § 2, was the result of an inadvertent mistake since the statute does not require specific intent. [632-633]

---

It is probable that the two-day grace period provided by G. L. c. 90, § 2, for formal transfer of registration from one motor vehicle to another runs from the day possession of the original vehicle is transferred rather than from the day the new one is acquired. [633-634]

In the trial of a complaint charging the defendant with operating an uninsured motor vehicle, there was no error in excluding a question to the insurance agent as to the legal sufficiency of the defendant's coverage. [635]

In the trial of a complaint charging the defendant with operating an unregistered motor vehicle, there was no error in the refusal of the judge to instruct the jury concerning the two-day grace period permitted in G. L. c. 90, § 2, where the failure of the defendant to have a bill of sale on his person rendered the grace period irrelevant. [635]

COMPLAINTS received and sworn to in the Third District Court of Eastern Middlesex on May 5, 1971.

Upon appeal for trial by a jury of six, the case was tried before *Magnuson, J.*

*Margaret D. McGaughey* for the defendant.

*Alan L. Kovacs*, Assistant District Attorney, for the Commonwealth.

REARDON, J. The defendant was convicted in a District Court on three complaints charging him with operating an unregistered motor vehicle, operating an uninsured motor vehicle, and attaching incorrect number plates to a motor vehicle. He appealed to a District Court jury of six and was again found guilty, fines being imposed on each conviction. He is here on his second amended bill of exceptions.

On May 1, 1971, a Belmont police officer observed the defendant operating a red foreign sports car which did not display a current inspection sticker. On being stopped the defendant showed the officer a valid driver's license and a certificate of registration for a 1968 Ford automobile. The defendant said that he had purchased the automobile he was driving but that he did not have the bill of sale with him, having left it at his home. The Ford for which he had the registration and number plates when he was stopped had been repossessed some two weeks before this incident. At his trial the defendant endeavored to offer evidence as to why he was not in possession of a bill of sale when the officer stopped him, and this evidence was excluded over

the defendant's exception. Also excluded subject to exception was a question propounded to an insurance agent as to whether or not the defendant's car was legally insured on May 1, 1971, the date on which he was stopped. The judge denied a request of the defendant that the jury be instructed that under the provisions of G. L. c. 90, § 2, the defendant was allowed two registry business days to arrange for the transfer of registration to a new vehicle. There was an exception also to this ruling.

1. General Laws c. 90, § 2, as amended through St. 1967, c. 736, § 2, provides in part that a "person ... who transfers the ownership of a registered motor vehicle ... owned by him to another or who loses possession thereof and who intends to transfer the registration of such motor vehicle ... to a newly acquired vehicle of the same type ... may ... operate such newly acquired motor vehicle ... for a period beginning from the date of transfer until five o'clock post meridian of the second registry business day following the date of transfer within the period for which the transferred vehicle was registered; provided, that the number plates issued upon registration of the transferred motor vehicle ... are attached to the newly acquired vehicle. During such period any operator of the newly acquired vehicle shall carry an original copy of the bill of sale reciting the registration number to be transferred from the former vehicle to the newly acquired vehicle or a certificate of transfer issued by the dealer on a form approved by the registrar in place of the certificate of registration." The statute requires, therefore, that the defendant carry a bill of sale for the new car with him when he drives it during that two-day period. The defendant argues that he should have been allowed to introduce evidence that would have tended to show that his failure to have the bill of sale on his person was the result of his inadvertent mistake in leaving the document at his home. However, as argued by the Commonwealth, questions of good faith or lack of intent play no part in the liability of this defendant under the statute. No specific intent requirement is laid down under G. L. c. 90, § 2. "Generally ... the Legislature may make criminal

an act or omission even where the person responsible has no 'blameworthy condition of the mind.' " *Commonwealth* v. *Buckley,* 354 Mass. 508, 511 (1968). See *Commonwealth* v. *Minicost Car Rental, Inc.,* 354 Mass. 746 (1968). See also *Commonwealth* v. *Ober,* 286 Mass. 25, 30-32 (1934), and cases cited. There was no error therefore in the exclusion by the judge of the defendant's offer to demonstrate his good faith in mitigation of his failure to comply with the statute.

We further note that while the Commonwealth seems to concede that except for the defendant's failure to carry the bill of sale with him his conduct would have been within the statute, there would seem to be at least some question concerning this proposition. The two-day statutory grace period is defined as running "from the date of transfer." G. L. c. 90, § 2. It is not clear from the statute whether this "date of transfer" refers to the date of acquisition of the new vehicle or the date of transfer of the old registered vehicle. While both the Commonwealth and the defendant assume the former interpretation, the latter is certainly a plausible reading of the statute especially in light of the fact that the old registered automobile is generally referred to in the statute as the "transferred" vehicle while the new automobile is referred to as the "newly acquired vehicle."

This latter interpretation obtains further strength by reference to G. L. c. 175, § 113A, which provides for a continuation of insurance coverage during a two-day period when registration is transferred to a newly acquired automobile pursuant to G. L. c. 90, § 2. The pertinent provisions of G. L. c. 175, § 113A, as amended by St. 1969, c. 147, at the time of the incident giving rise to this case read as follows: "Notwithstanding the foregoing provisions, a policy covering a registered motor vehicle ... which is being transferred as provided in section two of chapter ninety shall continue in force and cover a newly acquired motor vehicle ... *for a period beginning from the date of transfer of the registered motor vehicle* ... until five o'clock postmeridian of the second registry business day following the

date of transfer within the period for which the transferred motor vehicle . . . was registered; provided, that the number plates issued upon registration of the transferred motor vehicle . . . are attached to the newly acquired vehicle" (emphasis supplied). As the emphasized language indicates, the grace period contemplated by this statute commences with the transfer of the original registered vehicle and not with the acquisition of the new vehicle. That G. L. c. 90, § 2, and G. L. c. 175, § 113A, are to be construed together follows not only from the precise reference to the former section in the latter section but also from the fact that the relevant language of both statutes was introduced into the General Laws by the same enactment (St. 1961, c. 568). See *School Comm. of Springfield* v. *Board of Educ.,* 362 Mass. 417, 433 (1972); *Platt* v. *Commonwealth,* 256 Mass. 539, 542 (1926). The provision for a two-day grace period regarding transfer of registration was added to G. L. c. 90, § 2, by St. 1961, c. 568, § 1, while the provision for a two-day extension of insurance was inserted in G. L. c. 175, § 113A, by St. 1961, c. 568, § 2. It would appear likely then from the logic of the statutory scheme and the obvious interdependence of the two sections that the grace period referred to under both sections is the same two-day interval,[1] and that this two-day period, following the more precise definition of G. L. c. 175, § 113A, commences with the transfer of the original registered automobile.

In any event, since neither party has argued this issue, and since its resolution is not necessary to decide the case before us, we leave it for another day. We simply note this statutory problem and signal that the decision in this case

---

[1] The caption to St. 1961, c. 568, reads: "An Act authorizing the transferor of a motor vehicle to attach his old number plates to a newly acquired vehicle for a certain period of time and providing for *continued insurance coverage on such new vehicle for the same period*" (emphasis supplied). See *Nasis* v. *American Motorists Ins. Co.,* 353 Mass. 219, 222 (1967), where, after discussing the two-day grace period provided in § 1 of St. 1961, c. 568, we referred to § 2 of c. 568 as providing that "the insurance policy in effect on the transferred vehicle covers the new automobile during *this limited period* of operation" (emphasis supplied).

Commonwealth *v.* Brady.

is not an indorsement of the interpretation the parties have adopted.

2. There was no error in excluding the question to the insurance agent as to the legal sufficiency of the defendant's coverage. What was sought from the witness was an opinion on the legality of the defendant's actions in the light of G. L. c. 90, § 2, and G. L. c. 175, § 113A. This in effect would have been an opinion involving at once a conclusion of law and a view on the ultimate issue of the defendant's guilt. The question was properly excluded. See *Perry* v. *Medeiros,* 369 Mass. 836, 842 (1976); *S.D. Shaw & Sons* v. *Joseph Rugo, Inc.,* 343 Mass. 635, 639 (1962); *Commonwealth* v. *Ross,* 339 Mass. 428, 435 (1959).

3. There was no error in the refusal of the trial judge to instruct the jury concerning the two-day grace period provided in G. L. c. 90, § 2. As previously discussed, the statute requires that the defendant carry the bill of sale for the newly acquired vehicle during the two-day period. The defendant's argument here is essentially an echo of his earlier contention that his asserted good faith in failing to have the bill of sale on his person should be available to him in mitigation of his liability under a statute which we have held does not admit to a good faith defense. In the circumstances presented, the two-day grace period was not relevant to the disposition of this case and there was no reason for the judge to charge relative to it.

*Exceptions overruled.*