Connon, J.
INTRODUCTION
In this case the plaintiffs are seeking a preliminary injunction prohibiting the defendant from proceeding with a Sheriffs Sale of their residence located at 17 Robin Lane in Pocasset. The plaintiffs have also raised a violation of G.L.c. 236, §28, in not complying with the publishing requirements of said §28. For the purpose of this motion, the Court will not address the alleged non-compliance with §28 since the return by the Deputy Sheriff that the place of sale was advertised is conclusive as between the parties.
BACKGROUND
On June 10, 1988, Barbara T. Graham conveyed Lot 6 on a Plan of Land in Bourne to John A. Devine, Jr. and Katherine Devine, as husband and wife. Because Lots 3, 4 and 5 should have been transferred along with Lot 6, a confirmatory deed to correct the oversight was recorded on September 22, 1988, along with a mortgage to BayBank Valley Trust Company covering all four lots.
It appears that all that sits on Lot 6 is an unattached garage with a single-family dwelling on some portion of the remaining lots.
On March 4, 1993, because of estate planning concerns, John A. Devine Jr. intended to convey to his wife, Katherine, the four lots at 17 Robin Lane, Pocasset. However, what was in fact conveyed was Lot 6 only. When the property was subsequently sold to the plaintiffs in this action in July of 1994, the same mistake was made and all that was conveyed was Lot 6. As of the date of the sale to the Foleys, the Barnstable County Registry of Deeds reflected that Lots 3, 4 and 5 were still owned by John A. Devine, Jr. and his wife, Katherine.
On August 18, 1994, Graybar Electric Company recorded its attachment in the Barnstable Registry of Deeds attaching all of the goods of the estate standing in the name of John A. Devine, Jr. It was after the attachment that the Devines realized their mistake and executed a confirmatory deed conveying all four lots to the Foleys, recording that deed in April, 1995.
DISCUSSION
In issuing a preliminary injunction, the Court must initially evaluate in combination, the moving party’s claim of injury and the chances of success on the merits. If the Court is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the Court must then balance the risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. What matters as to each party is not the raw amount of irreparable harm the parly might conceivably suffer, but rather the risk of such harm in light of the party’s chance of success on the merits. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609 (1980). The deeds must contain a description which is sufficiently certain as to the estate to be conveyed so as to pass the estate. Ide v. Pearce, 75 Mass. 351. In order to make a valid conveyance of land, it is essential that the land itself, the subject of the conveyance, be capable of identification; if the conveyance does not describe land with such particularity as to render identification possible, the conveyance is absolutely nugatory. McHale v. Treworty, 325 Mass. 381. An examination of the record title is clear in that all that was conveyed by John A. Devine, Jr. to his wife, Katherine, was Lot 6 and it is equally clear that all that was conveyed by Katherine Devine to the Foleys was Lot 6. Attachments are an encumbrance on the title to real estate. Perfection of the attachment permits the defendant, Graybar, to levy execution on the real estate to whatever extent is necessary to satisfy its claims even though the property may have been sold. As between the Devines and the Foleys, the transfer is good. As between the Foleys and Graybar, they have taken the property subject to the attachment. It can be argued that if the defendant had examined the record title, one might suspect that the confirmatory deed recorded by the Devines was some indication that all four lots were intended to be conveyed. It is equally plausible that they intended to convey only Lot 6, and Lot 6, from examining the record, would give no indication whether it was a *68 buildable lot or a lot that had a garage. In referring to Stoneham Five Cents Savings Bank v. Johnson, 395 Mass. 390, “By the law in Massachusetts an attachment on property on mense process is a specific charge upon the property for the Security for the debt sued for, and the property is set apart and placed in the custody of the law for that purpose subject only to the condition that the attaching creditor shall obtain Judgment in the suit, take out Execution and levy it upon the property so held.” In this Commonwealth an attaching creditor stands in the position of a purchaser for value as a deed duly recorded takes precedence over a prior deed unrecorded so that an attachment when duly made has the effect of a prior purchase and takes precedence over a prior unrecorded deed. Hillside Cooperative Bank v. Cavanaugh, 232 Mass. 157. That being the case, if the creditor stands in the same position as a purchaser for value, then Graybar would have no notice of what was the intention of the Devines when they transferred their property to the Foleys.
In consideration and evaluating in combination the moving party’s claim of injury and their chances of success on the merits, it would appear that the plaintiffs have little or no chance whatsoever to prevail on the merits because Graybar had no notice, actual or otherwise, that all four lots should have been conveyed to the Foleys. The risk of harm in light of the Foleys’ chance of success on the merits requires this Court to deny the issuance of a preliminary injunction.