## EDWARD J. WELCH vs. HELEN B. HALEY.

Middlesex.　March 24, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Deed*, From tax collector.　*Tax*, Collector's deed.　*Evidence*, Presumptions and
　　burden of proof.

St. 1911, c. 370, providing that the deed of a collector of taxes conveying land sold
　　for non-payment of taxes, if recorded within thirty days, "shall be *prima facie*
　　evidence of all facts essential to its validity," establishes a rule of procedure
　　which applies to deeds executed in pursuance of sales made before as well as of
　　those made after its enactment.
Where a deed given by a collector of taxes in pursuance of a sale for non-payment
　　of taxes describes well known land by the numbers of lots on a described plan
　　filed in the registry of deeds, giving the number of the book of plans and the
　　number of the plan, the description is sufficient for reasonable identification of
　　the land conveyed, which is all that is required.
In a tax collector's deed, in which the essential facts in regard to the sale in pur-
　　suance of which the deed was given are recited, a mistake of twenty-five cents
　　in favor of the delinquent taxpayer in the computation of interest at the sale
　　for non-payment of taxes and a mistake of five cents against such delinquent
　　in the determination of his interest in the surplus following a later sale of the un-
　　redeemed land do not make either the sale or the deed voidable.
Under the provision of R. L. c. 13, § 43, that the deed of a collector of taxes given
　　pursuant to a sale for non-payment of taxes "shall convey . . . all the right
　　and interest which the owner had in the land when it was taken for his taxes,"
　　the fact that the deed purports to convey the whole of the real estate described
　　instead of all the right, title and interest which the owner had does not affect
　　the title given by the deed and therefore does not invalidate the deed.
Where land is sold to the town in which it lies for non-payment of taxes and seven
　　years later, the land not having been redeemed, the unredeemed land is sold
　　by the town under St. 1909, c. 490, Part II, § 68, the later sale is not in any
　　accurate sense a tax sale, and its validity or invalidity cannot affect the title
　　of the town as the purchaser at the previous tax sale; and accordingly the title
　　given by the deed of the collector of taxes of the town after the later sale is not
　　impaired by the fact that the assessment of taxes required by R. L. c. 13, § 66,
　　to be made after the town bought the land "as though the same were not so
　　taken or purchased" was only in fact made in the last one of the seven inter-
　　vening years.

PIERCE, J.　This is a petition to register the title to a parcel
of land in Lexington. The petitioner's title depends upon the
validity of a sale to the town of Lexington for taxes for the year
1905, and a subsequent sale by the town under St. 1909, c. 490,
Part II, § 68.

The petition was referred to one of the examiners of title as master* on November 12, 1915. The master made a report to which thirty-one exceptions were taken by the respondent. After due hearing, the Land Court made a decision overruling the exceptions and confirmed the master's report. The respondent appealed from the decision of the Land Court made † on January 17, 1916.

The respondent in her brief has gathered and considered her exceptions in "groups" for convenience in argument and in citations of authorities, and we adopt the respondent's classification in the consideration of her exceptions.

The exceptions numbered 1, 2, 3, 4, 5, 6 and 18 relate to the master's admission of the tax deed for the tax of 1905 as *prima facie* evidence of all facts essential to its validity. It is not contended by the respondent that St. 1911, c. 370, is unconstitutional, in that its declaration of the procedural weight to be given to a deed of land sold for the non-payment of taxes, given by a collector and recorded within thirty days after the sale, has the effect to deprive her of her property without due process of law, but she maintains and asserts that the act, in its legal intention, applies only to deeds executed upon a sale for taxes levied subsequently to the passage of the statute.

The master found that the assessors of the town of Lexington were duly elected and qualified for the year 1905; that the assessment for that year was: "Name 'Broughton, Helen' General Headings 'Meagher lots' Description 'Block 17, Lots 22 and 23' Value '$200.00' Total value '$200.00' Tax '4.08';" that "the land in question is situated in the Town of Lexington and consists of lots twenty-two (22) and twenty-three (23) in Block 17 on Plan of Lots in Lexington Heights owned by Mark C. Meagher, Surveyed by E. A. W. Hammett, C. E., dated July, 1892 and recorded with Middlesex (So. Dist.) Deeds, Book of Plans 77, Plan 24;" that the land covered by this plan is also known in Lexington as the Meagher land; that the respondent was the owner of these two lots in 1905 when the tax for that year was assessed, and that the tax for that year (1909) was not paid by the respondent.

---

* Under R. L. c. 128, § 35, "to hear the parties and their evidence and make report thereof to the court as to any tax titles involved."

† By *Corbett*, J.

The deed recites that Helen Broughton (now Helen Brough-ton Haley) of Boston in the year 1905 was duly assessed as owner of the real estate hereinafter described in the sum of $4.08; and that the assessment was duly committed to the collector for collection.

The deed contained a description of the land sold and a covenant "that the sale and proceedings aforesaid have in all particulars been conducted according to the provisions of law."

The recitals in the deed show a performance of every condition precedent and a statement of all substantive facts required to authorize a sale of land for the non-payment of taxes by R. L. c. 13, and by St. 1905, c. 193.

There was no evidence at the hearing before the master, outside the recitals in the deed, to establish or to contradict the facts therein stated. If *prima facie* the statements in the deed are to be taken to be true, they establish, in connection with the specific facts found by the master, his conclusion that the sale was properly conducted and that the title acquired by the sale is valid. St. 1911, c. 370, in the provision that a deed given by a tax collector, if recorded within thirty days after the sale of the land, "shall be *prima facie* evidence of all facts essential to its validity," establishes a rule of procedure which changes the order of proof but not the burden of proof. The application of the rule is necessarily restricted to the statements of essential facts required to be stated in the deed by St. 1905, c. 193, now St. 1909, c. 490, Part II, § 44; and so construed, the rule is applicable to deeds executed upon sales made before as well as after the enactment of the statute.

The exceptions numbered 9, 10, 11, 12, 13, 16, 17, 18, 20, 21, 29 and 30, each referring to the question of the payment of the 1905 tax in 1907 by the respondent to the collector of taxes of the town of Lexington, must be overruled, because the master's finding that the tax was not paid by the respondent has ample support in the reported facts, and because, were it otherwise, it could not be ruled in the absence of a report of all the material evidence that the conclusion of fact of the master was clearly wrong.

Exceptions 11, 14, 15, 17, 18, 22, 23, 24, 26 and 28 each relate to the validity of the tax deed for the non-payment of the taxes assessed upon the land for the year 1905.

The first contention is that the deed is inaccurate in its description of the premises sold and conveyed, in that it recites the record of the same to be "in the Southern District of Middlesex County Registry of Deeds Book 77 and dated 1892." There is nothing in this exception; rejecting the reference to the book of registry the land on the undisputed finding of the master was a well known tract in the town of Lexington and was sufficiently described to permit of reasonable identification. This was sufficient. *Welsh* v. *Briggs,* 204 Mass. 540, 552. *Conners* v. *Lowell,* 209 Mass. 111, 120. Moreover, it is entirely plain that "Book 77 and dated 1892" are referable to the record and date of the plan of lots and not to the deed of the premises.

The error of twenty-five cents in favor of the respondent, in the computation of interest at the sale in 1907, and of five cents against the right of the respondent in the determination of her interest in the surplus following the sale of the unredeemed land in 1914, did not operate to make either sale or deed void or voidable.

The conveyance of the whole of the real estate to the town of Lexington did not affect its title. The words of R. L. c. 13, § 43, "shall convey . . . all the right and interest which the owner had in the land when it was taken for his taxes" were not intended to cut down the effect of a sale, but simply to declare that the effect was not diminished by an intervening alienation." *Langley* v. *Chapin,* 134 Mass. 82, 88.

The remaining exceptions relate to the assessment of the land between the sale in 1907 and the sale of the unredeemed land in 1914. R. L. c. 13, § 66, provides "If the land is taken or purchased by a city or town, taxes shall be assessed thereon as though the same were not so taken or purchased; and shall be deducted from the proceeds of the final sale." As a matter of fact, there was no assessment until the year 1913. The sale in 1914 was in pursuance of St. 1909, c. 490, Part II, § 68; it was not in any accurate sense a tax sale. The former owner's only interest was in the surplus remaining after proper deductions for unpaid tax assessments, interest and charges. The validity or invalidity of the sale could not affect the title of the purchaser at the 1907 sale.

*Decision affirmed.*

*C. G. Morgan,* for the respondent.

*C. H. McSweeney,* for the petitioner, submitted a brief.