CITY OF LYNN *vs.* LYNN COMMERCIAL REALTY Co.
& another.

Essex.    May 10, 1933. — May 25, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Tax*, Demand, Sale.    *Constitutional Law*, Taxation.

Where a judge of the Land Court found that certain land in a city was assessed to a corporation; that the collector of taxes sent by mail, addressed to a named person "Treasurer °/₀" the corporation at an address in the city, a paper addressed in a like manner with the added words "(Assessed . . . [name of the corporation])" and containing a demand for payment of a tax in a specified sum assessed upon the land "owned or occupied by you"; and that the paper was forwarded by the post office in the city to the office of the corporation in another city, and was received at that office, the judge was warranted in drawing the inferences that the paper was intended to be a demand on the corporation for payment of the tax assessed upon its land, rather than a demand on the treasurer of the corporation for payment of a tax assessed to him individually; and that when such demand was received at the office of the corporation there could not be any mistake as to its nature.

The facts so found and the inferences so drawn justified conclusions by the judge that, although the demand should have been addressed to the corporation, such error or irregularity was neither substantial nor misleading within the meaning of the provision of G. L. (Ter. Ed.) c. 60, § 37, that "No tax title shall be held to be invalid by reason of any errors or irregularities in the proceedings of the collector which are neither substantial nor misleading," and that, by reason of such provision, such error or irregularity did not invalidate a tax title which the first city subsequently acquired for such tax.

There was no merit in a contention that such provision of said § 37, as so applied in the circumstances, was unconstitutional.

PETITION, filed in the Land Court on November 25, 1932, described in the opinion.

The petition was heard by *Davis*, J.    Findings and rulings by him, and his decision, are described in the opinion.    The respondents appealed.

*L. F. Davis*, (*E. J. Canning* with him,) for the respondents.

*P. F. Shanahan*, City Solicitor, & *J. M. Cashman*, Assistant City Solicitor, for the petitioner, submitted a brief.

FIELD, J.   This is a petition brought in the Land Court by the city of Lynn for the foreclosure of rights of redemption under a tax title acquired by the petitioner for taxes assessed for the year 1929 on land of the Lynn Commercial Realty Co.  G. L. (Ter. Ed.) c. 60, §§ 64–78.  The Lynn Commercial Realty Co. and Merton C. Grush, trustee, alleged mortgagee, questioned the validity of the petitioner's tax title on the ground of noncompliance with G. L. (Ter. Ed.) c. 60, § 16, which provides in part that "The collector shall, before selling the land of a resident, or non-resident . . . for his tax, serve on him a statement of the amount thereof with a demand for its payment."  G. L. (Ter. Ed.) c. 60, § 37, provides in part that "No tax title shall be held to be invalid by reason of any errors or irregularities in the proceedings of the collector which are neither substantial nor misleading."  The judge of the Land Court made a decision in which he ruled that the tax title was not invalidated by error or irregularity in the demand.  From this decision an appeal was taken.

The decision of the Land Court contained the following findings and rulings: "The demand was as follows: 'Collector's Office.  Page 712–8 Lynn, Mass., Mar. 24, 1930 To Charles R. Adams, Treasurer  c/o Lynn Commercial Realty Co.  11 Stewart St.  Lynn, Mass. (Assessed Lynn Commercial Realty Company)  In compliance with the statute I hereby demand of you payment of Twenty-eight Hundred Ninety and 50/100 dollars, that being the amount of Tax assessed for the year 1929 on the estate in this city, No. 11–17, rear 11–17 Stewart Street . . . Lot of Land containing about 16,440 square feet and the buildings thereon and owned or occupied by you at the date of assessment.  You are hereby notified that if said amount, together with the interest, legal costs and charges thereon, is not paid within fourteen days from this date, With Twenty-Five Cents For This Demand, the said estate will be taken for said taxes for the city of Lynn.  Benjamin J. Scully, Collector of Taxes for the City of Lynn.'  The demand was mailed, addressed to Charles R. Adams, Treasurer c/o Lynn Commercial Realty Co.  11 Stewart St. Lynn, Mass. and forwarded by the post office at Lynn to

the corporation's office in Boston where it was received. The treasurer, Mr. Adams, was also treasurer of about a dozen other corporations. . . . The demand should have been addressed to the corporation instead of to the treasurer in care of the corporation; but, followed by the words in parenthesis 'Assessed Lynn Commercial Realty Company,' it seems to me perfectly obvious that it was a demand for the payment of the taxes so assessed, and that it was just as obviously a demand on the corporation sent in care of the treasurer and received at the corporation's office, rather than a demand on the treasurer for an individual tax assessed to him, and addressed and sent to him in care of the corporation. It does not seem to me that when received at the corporation's office there could be any mistake that it was a demand on the corporation for the payment of the taxes assessed to it. The error was not in regard to a matter essential to the jurisdiction of the court, or one that affected any substantial rights of the parties, so long as the statement, demand and notice was actually received by the party in interest, namely the corporation. It was. I rule that the error or irregularity in the demand was neither substantial nor misleading, and that the tax title was not invalidated thereby."

There was no error of law in the decision. The inferences drawn by the trial judge from the specific facts found were warranted. The specific facts found and the inferences drawn therefrom by the trial judge sustain his conclusion that "the error or irregularity in the demand was neither substantial nor misleading, and that the tax title was not invalidated thereby." There is no merit in the contention that the part of G. L. (Ter. Ed.) c. 60, § 37, above quoted is unconstitutional as applied to the facts in this case.

*Decision affirmed.*