CITY OF LOWELL vs. MARY F. BOLAND & others.

Suffolk.   February 7, 1951. — May 1, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Taxation*, Real estate tax: tax title, taking. *Notice*.

A description of a parcel of land in a city collector's notice of tax taking and in the instrument of taking as a specified number of square feet of land situated on a named street and shown on a designated plan in the office of the city engineer was sufficient where it appeared that the plan, which was available to interested parties, showed a small portion of that street and only one parcel thereon having the area specified in the description.

PETITION, filed in the Land Court on December 16, 1949.
The case was heard by *Courtney*, J.

*E. J. Moloney*, for the respondents.

*R. D. O'Brien*, for the petitioner.

COUNIHAN, J. This is a petition in the Land Court by
the city of Lowell under G. L. (Ter. Ed.) c. 60, § 65, as
amended, to foreclose all rights of redemption under a tax
title acquired and recorded by the city on June 27, 1947, to
premises situated on Dutton Street in that city for non-
payment of taxes for the year 1945. The judge found the
tax title to be valid and that the respondents might redeem
upon the payment to the city of an agreed sum of money
with interest. From this decision the respondents appeal.

The sole question for our determination involves the suffi-
ciency of the description of the premises in the collector's
notice of tax taking and the instrument of taking. The
description, the same in each document, reads, "29,421
square feet of land, more or less, situate Dutton Street, as
shown on Plan I 17 in office of city engineer." The judge
found that said plan shows a small portion of Dutton Street;
that there is only one parcel of land on Dutton Street with
an area of twenty-nine thousand four hundred twenty-one
square feet shown on this plan; that this plan was available
in the office of the city engineer to all parties interested; and
"that the engineer's plan shows this particular lot in con-
nection with neighboring lots and affords a definite de-
scription."

Under G. L. (Ter. Ed.) c. 60, § 54, as amended by St. 1933,
c. 325, § 7, and St. 1938, c. 339, § 2, the instrument of taking
must contain "a substantially accurate description of each
parcel of land taken," and if recorded within sixty days of
the date of taking, such instrument "shall be prima facie
evidence of all facts essential to the validity of the title so
taken." Section 37 of c. 60, as appearing in St. 1943, c. 478,
§ 1, provides that a tax title shall not be held invalid "by
reason of any error or irregularity which is neither substan-
tial nor misleading." The purpose of § 37 was to mitigate
the severity of the rule as to tax title instruments. *Fall*

*River* v. *Conanicut Mills*, 294 Mass. 98, 99. *McHale* v. *Treworgy*, 325 Mass. 381, 384.

It has been established that whether or not an error in such a description is substantial or misleading is commonly a question of fact. *Springfield* v. *Arcade Malleable Iron Co.* 285 Mass. 154, 155–156. *Boston* v. *Lynch*, 304 Mass. 272, 275. *McHale* v. *Treworgy*, 325 Mass. 381, 384. It is enough if the description is reasonably accurate and fairly designates the property for the information of those interested. *Franklin* v. *Metcalfe*, 307 Mass. 386, 389. *Boston* v. *Boston Port Development Co.* 308 Mass. 72, 78. But "it need not be so detailed as to point out visually its precise boundaries so that an utter stranger unacquainted with the locality and ignorant of the neighbors could find it without inquiry." *Conners* v. *Lowell*, 209 Mass. 111, 120.

A reference to a lot by number on a plan filed in the office of the assessors of a city, but not filed in the registry of deeds, has been held to be sufficiently definite. *Larsen* v. *Dillenschneider*, 235 Mass. 56, 57–58.

In the present case the description referred to a plan in the office of the city engineer. This plan showed a small portion of Dutton Street and only one lot of the same area as that contained in the description in the notice and in the instrument of taking. We agree with the conclusion of the judge that the descriptions were sufficiently accurate to satisfy the requirements of the statute.

The respondents argue that there was some misuse by the judge of the report of one of the official examiners of the Land Court because the case was submitted on documentary evidence only. The only use made of this report, if any, was to determine the persons interested in the case as provided by § 66 of c. 60, as amended. This was not improper.

*Decision affirmed.*