## Vera M. Bartevian vs. James J. Cullen.

Plymouth.   October 7, 1975. — March 3, 1976.

Present: Reardon, Quirico, Braucher, & Wilkins, JJ.

*Taxation,* Real estate tax:   tax taking, tax title, low value land.

The provision of G. L. c. 60, § 79, that title to land acquired from a municipality on a tax sale shall be absolute "upon the recording" of the deed of the treasurer did not bar the grantee in a deed recorded prior to the recording of a treasurer's deed from asserting that the municipality had no title to convey to the purchaser. [820-821]

A demand for the payment of 1965 taxes on land in Plymouth made by the collector by mailing it to the record owner at "Plymouth, Massachusetts" was not made to "the address best known" to the collector, and did not comply with G. L. c. 60, § 16, where it appeared that the owner had not had any significant connection with the town since her husband had conveyed the land to her in 1923 by a deed from which town officials acquired her name for the 1965 assessment and which gave her address as in West Newton where she then lived before living with her husband in Newton [821-822]; the "error or irregularity" in the mailing address used was not shown to be insubstantial under c. 60, § 37, by the purchaser at the tax sale so as to validate his tax title [822].

Failure of an owner of land in Plymouth under a deed giving her address as in West Newton to give notice to the Plymouth town clerk pursuant to G. L. c. 60, § 39, of the place at which all tax papers were to be served on her did not justify the Plymouth collector in mailing a demand many years later to the owner at "Plymouth, Massachusetts." [823]

Failure of the owner of land to receive the collector's demand for payment of taxes did not validate a tax title purportedly acquired without compliance with the requirements of G. L. c. 60, § 16, concerning the sending of notice of the demand. [824]

Bill in equity filed in the Land Court on November 13, 1972.

The suit was heard by *Silverio, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Bernard I. Kaplan* (*Arnold S. Dane* with him) for the plaintiff.

*Walter L. Sullivan* for the defendant.

WILKINS, J. In October, 1923, Gregory Bartevian conveyed real estate (premises) in Plymouth (town) to his wife, Vera M. Bartevian (plaintiff), and the deed was duly recorded. The town did not assess the premises for the purpose of collecting taxes until many years after 1923. In June, 1966, the town made a purported tax taking of the premises for nonpayment of 1965 taxes assessed in the amount of $16.29. In August, 1968, the town made a purported sale of the premises to the defendant pursuant to the provisions of G. L. c. 60, § 79, concerning the sale of land of low value taken for nonpayment of taxes. The plaintiff, who apparently did not learn of the tax taking and the sale to the defendant until 1972, brought this bill in equity for declaratory relief to establish her title to the premises. She challenges the legality of various procedures by which the town and then the defendant purported to acquire title to the premises. A decree dismissing the bill was entered in the Land Court. The plaintiff appeals. We reverse that decree.

We need discuss only one of the plaintiff's contentions because we conclude that the town's collector of taxes failed to comply with statutory requirements in mailing the demand on the plaintiff to pay the 1965 taxes on the premises and that the defendant has not shown that this error was insubstantial. Consequently, the plaintiff is still the owner of the premises.[1]

---

[1] The evidence is reported, and the judge made a voluntary report of material facts. In this circumstance, we give due weight to the judge's findings, which will not be reversed unless plainly wrong, and may make our own findings of fact where the judge made none. *Paone* v. *Gerrig*, 362 Mass. 757, 759 (1973). *Aronson* v. *Sharon*,

The plaintiff argues that the town did not have a valid tax title to the premises and hence had nothing to convey to the defendant.   The provisions of G. L. c. 60, § 79, declaring the title to land acquired from a municipality on a tax sale to be absolute "upon the recording of such deed of the treasurer" in the proper registry of deeds, do not bar the plaintiff from asserting now that the town had no title to convey to the defendant.   The protection of this statute is available only if the title acquired was a valid one.   *McHale* v. *Treworgy,* 325 Mass. 381, 385 (1950).   See *Johnson* v. *McMahon,* 344 Mass. 348, 356 (1962).

The plaintiff argues that the collector failed to comply with the requirement of G. L. c. 60, § 16, that a demand for payment of taxes must be sent "by mailing the same to the last or usual place of business or abode, or to the address best known to him . . . ."   The demand was mailed to "Vera M. Bartevian, Plymouth, Mass."[2]   She never received any tax bills or a demand for payment of real estate taxes from the town.   The plaintiff never has lived in Plymouth or even spent a night there.   She never has had a post office box or mailing address of any kind there.   The 1923 deed to the plaintiff from her husband recited the grantee's address as "29 Forest Avenue, West

---

346 Mass. 598, 600 (1964).   See *All Stainless, Inc.* v. *Colby,* 364 Mass. 773, 776 (1974).   All proceedings in the Land Court, including the claim of appeal and the designation of the record, occurred prior to July 1, 1974, the effective date of the new Massachusetts Rules of Civil Procedure and the new Massachusetts Rules of Appellate Procedure.   The nature of our role on review in this case is a question of procedure, and, consequently, it is to be determined by "pre-July 1 procedure" as directed by Mass. R. Civ. P. 1A, 365 Mass. 730, 731 (1974).   See *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 466 (1975).

[2] The judge does not make a finding as to where the demand was sent.   A copy of the demand is not in the record.   However, documents in evidence prepared by the town describe the plaintiff as of Plymouth.   The defendant admits that the demand was mailed to the plaintiff at "Plymouth, Massachusetts."

Newton, Mass." That was the home of her parents where she then lived. Since 1936, the plaintiff and her husband have lived on Centre Street in Newton and have been so listed in the city's records. Since 1936, Gregory Bartevian, whom the 1923 deed states to be Vera's husband, has been listed in the appropriate telephone book as residing on Centre Street, Newton. No other family named Bartevian has lived in Newton since at least 1936.

The mailing of a demand to the plaintiff in Plymouth did not comply with the mandate of G. L. c. 60, § 16, that the collector mail the demand to the owner's "last or usual place of business or abode" or "to the address best known to him." Plymouth was never a "place of business or abode" of the plaintiff. Thus the demand was sent properly only if Plymouth was the address best known to the collector. We think it clear that the address best known to the collector was not Plymouth. Instead, it was the address appearing on the same recorded deed as that from which the name "Vera M. Bartevian" was acquired by town officials for the purpose of assessing the premises in her name. There was consequently "an irregularity in the service of the demand." See *Boston* v. *Boston Port Dev. Co.*, 308 Mass. 72, 75 (1941).[3]

General Laws c. 60, § 37, as appearing in St. 1943, c. 478, § 1, provides that "any error or irregularity which is neither substantial nor misleading" will not invalidate a tax title. *Fall River* v. *Conanicut Mills*, 294 Mass. 98, 99-100 (1936). The question here is whether the collector's error was "substantial." The judge made no determination whether the error was substantial. Once an error has been shown, the party who asserts the insub-

---

[3] Although a seasonably recorded instrument of taking is prima facie evidence of facts essential to the validity of a municipality's title, such as the proper service of a demand for payment of taxes (G. L. c. 60, § 54), the undisputed facts show as matter of law that the demand was not made properly.

stantiality of the error has the burden of proving that fact. See *Marlborough* v. *Poorvu,* 305 Mass. 124, 127 (1940). Cf. *Tiberio* v. *Methuen,* 364 Mass. 578, 580-581 (1974). The defendant has not shown that the failure to send the demand to "Vera M. Bartevian, 29 Forest Avenue, West Newton, Mass." was an insubstantial error. There is no evidence to warrant the conclusion that, if the demand had been sent to the plaintiff's former address, the demand probably would not have reached the plaintiff.[4]

The defendant argues that the plaintiff cannot object to the mailing address used because she did not give notice of her address to the town clerk pursuant to G. L. c. 60, § 39. If she had, the collector would have been required to serve the demand for payment of taxes on the plaintiff at that address. Although § 39 grants an opportunity to a taxpayer, it does not diminish the safeguards of G. L. c. 60, § 16, or impose an obligation on the property owner. The plaintiff's failure to advise the town of her new address would have justified the use of her address appearing in the 1923 deed, but it cannot justify the use of Plymouth as her address.[5]

---

[4] Evidence introduced by the plaintiff, and recited earlier in this opinion, shows that there was only one Bartevian family living in Newton at the time the demand was mailed. We cannot rule, as matter of law, that such a demand would not have been received by the plaintiff and that, therefore, the error in the mailing was insubstantial. The question of insubstantiality "must be decided according to the circumstances of each case." *Fall River* v. *Conanicut Mills,* 294 Mass. 98, 100 (1936). *McHale* v. *Treworgy,* 325 Mass. 381, 384 (1950). If the plaintiff had moved from Newton with no forwarding address or had a more common name, the error might be insubstantial on its face. Because of the failure of the mailing to meet the requirements of the statute, we do not reach the question whether such a notice would satisfy constitutional due process requirements.

[5] If the town had assessed taxes on the premises in 1923 or immediately thereafter, the failure of the plaintiff to inquire about a tax bill might have a bearing on the plaintiff's rights, especially where any exercise of judicial discretion might be involved. See *Johnson* v. *McMahon,* 344 Mass. 348, 350 n.2 (1962). Here, however, the town

The defendant also argues that the plaintiff's failure to receive a demand sent in accordance with G. L. c. 60, § 16, is immaterial because § 16 provides that "failure to receive the . . . [demand] shall not invalidate a tax or any proceedings for the enforcement or collection of the same." The short answer is that § 16 says failure to receive is not a defect, but it does not validate a tax title purportedly acquired without compliance with the requirements of § 16 concerning the sending of notice. If the defendant's contention were valid, discussion in our opinions concerning the adequacy of service of demands under § 16 would not have been necessary. See, e.g., *Johnson* v. *McMahon*, 344 Mass. 348, 352 (1962); *Boston* v. *Boston Port Dev. Co.*, 308 Mass. 72, 75 (1941); *Franklin* v. *Metcalfe*, 307 Mass. 386, 389 (1940); *Lynn* v. *Lynn Commercial Realty Co.*, 286 Mass. 368, 370 (1934).

The defendant argues further that the statutory pattern should be construed consistently with the statutory purpose to facilitate the collection of unpaid taxes without placing an onerous burden on the agents of a municipality. We agree that there is no burden on the collector of taxes to conduct his own investigation of the whereabouts of a seemingly errant taxpayer. All we hold here is that the use of the town in which the taxable premises lie as "the address best known" to the collector is defective, where there is no basis for using that address and another address is shown on the deed by which the taxpayer acquired the property. From prior to the time the plaintiff acquired the premises, a grantee's residence and post office address had to appear on every deed presented for record. St. 1917, c. 62. See now G. L. c. 183, § 6, as appearing in St. 1969, c. 497. See G. L. c. 185, § 61, as to registered land. The plaintiff's name

lulled the plaintiff into a state of inattentiveness concerning the payment of taxes by not assessing any taxes against the premises in 1923 or for many years thereafter.

obviously was acquired from the 1923 deed for the purpose of assessing the tax which led to the demand, and the address on that deed should have been used in making the demand on the plaintiff.

*Decree reversed.*