NATHAN E. PASS, executor, *vs.* TOWN OF SEEKONK.

Bristol.    May 12, 1976. — July 14, 1976.

Present: KEVILLE, GOODMAN, & GRANT, JJ.

*Taxation,* Real estate tax: demand, tax taking, tax title, tax deed. *Evidence,* Presumptions and burden of proof. *Notice. Deed,* Tax deed.

A tax collector's deed reciting the assessment of certain real estate taxes to "Joseph McCormick Estate as owner or occupant," and a demand for the unpaid taxes made by the collector on "said Joseph McCormick Estate" was invalid, as the collector's failure to recite the name of the person on whom he had made his demand was, in the circumstances, a substantial irregularity within the meaning of G. L. c. 60, § 37. [449-452]

The provision of G. L. c. 60, § 45, that a duly recorded collector's deed "shall be prima facie evidence of all facts essential to the validity of the title thereby conveyed" is not a general validating statute and does not reach a legal irregularity apparent on the face of a collector's deed. [452-453]

BILL IN EQUITY filed in the Superior Court on June 27, 1966.

Upon transfer to the Land Court the suit was heard by *Randall,* J.

*Robert G. Funke* for Nathan E. Pass, executor.

*Max Volterra,* Town Counsel, for the town of Seekonk.

GRANT, J. The ultimate objective of this bill in equity is to secure a declaration of the invalidity of a deed ex-

ecuted and recorded by the town treasurer (treasurer) of the town of Seekonk (town) on December 28, 1955, by which the treasurer purported to convey to the town under the provisions of G. L. c. 60, §§ 79 and 80 (as appearing in St. 1941, c. 594, §§ 1 and 2, respectively), the Seekonk portion of a tract of some thirty-seven acres of land lying partly in that town and partly in the town of Rehoboth. The bill was filed in the Superior Court but subsequently transferred to the Land Court under the provisions of G. L. c. 212, § 26A. The original plaintiff died prior to trial, and her executor was substituted as the party plaintiff (plaintiff). The judge of the Land Court made a voluntary report of material facts, ruled (among other things) that the treasurer's deed was valid, and ordered the entry of a final decree dismissing the bill. The plaintiff appealed from the ensuing decree entered on April 11, 1974. The evidence is reported. In the circumstances we can, and shall, make findings of fact in addition to those made by the judge. *Bartevian* v. *Cullen,* 369 Mass. 819, 820, n. 1 (1976).

One Joseph McCormick, a resident of East Providence, Rhode Island, was the record owner of the entire tract at the time of his death in 1931.[1] On October 20, 1933, the collector of taxes of the town (collector) executed, and three days later he recorded, a deed by which he purported to purchase the Seekonk portion of the tract (locus) in behalf of the town under the provisions of G. L. c. 60, §§ 45 and 48 (as appearing in St. 1933, c. 325, §§ 4 and 5, respectively). That deed recites the assessment of the 1931 real estate taxes applicable to the locus to "Joseph McCormick Estate as owner or occupant,"[2] a demand for the unpaid taxes (and certain other assessments) made by the collector on "said Joseph McCormick Estate" on November 19, 1932 (G. L. c. 60, § 16, as in

---

[1] This date is gleaned from the briefs rather than the record.

[2] The plaintiff has expressly waived any question concerning the regularity of the assessment. See G. L. c. 59, §§ 11 (as in effect prior to St. 1933, c. 254, § 29), 16 (as in effect prior to St. 1937, c. 114) and 17.

effect prior to St. 1933, c. 168, § 1), and the details of the
sale and the purchase in behalf of the town.[3] The plain-
tiff's claim of title to the locus rests on the original plain-
tiff's having been the survivor of two joint tenants named
as grantees in a deed of the entire tract executed in 1956
by a group of grantors which included at least two of the
heirs of Joseph McCormick.[4] In 1963 or 1964 the original
plaintiff offered to pay the treasurer all delinquent taxes
on the locus, but her offer was refused. The present bill
was brought in 1966.

The plaintiff's attack is on the collector's deed, which
recites that his demand was made on the "Joseph McCor-
mick Estate". The specific contention is that that deed
was void on its face by reason of its failure to comply
with the provision then found in G. L. c. 60, § 45, as ap-
pearing in St. 1933, c. 325, § 4, and still found in § 45 in
its present form, that a collector's deed recite "the *name
of the person* on whom the demand for the tax was made"
(emphasis supplied). We must reject any such conten-
tion. Whatever might have been the effect of an irregular
recitation in a collector's deed under earlier provisions of
law (see *Reed* v. *Crapo,* 127 Mass. 39 [1879]; *Conners* v.
*Lowell,* 209 Mass. 111, 118-119 [1911]; *Fuller* v. *Fuller,*
228 Mass. 441, 443-444 [1917]; *Bertram* v. *Wilbur,* 246
Mass. 377, 378, 379-380 [1923]), it is clear that no such
result as that contended for could properly be reached
under the provisions of law applicable to the collector's
deed in this case. That has been so ever since the inser-
tion by St. 1915, c. 237, § 17 (and see St. 1918, c. 257,

[3] The recitals of this deed constitute the only evidence in the record
of the acts done and procedures employed by the assessors and the
collector.

[4] The town's answer denied the allegations of the bill that the origi-
nal plaintiff was the owner of the locus at the time the bill was brought.
The judge's disposition of the case did not require him to make any
finding or ruling as to the validity of the plaintiff's title, and he ex-
pressly declined so to do. However, a review of the trial transcript and
of the briefs before us discloses that the parties have been content to
confine the litigation to the question of the validity of the collector's
deed. Accordingly, we shall proceed on the same basis in this opinion.

§§ 46 and 47), of the provision now found in the last sentence of G. L. c. 60, § 37, which read that "[n]o tax title . . . shall be held to be invalid by reason of any errors or irregularities in the proceedings of the collector which are neither substantial nor misleading."[5] See *Lynn* v. *Lynn Commercial Realty Co.* 286 Mass. 368, 369-370 (1934); *Fall River* v. *Conanicut Mills,* 294 Mass. 98, 99-100 (1936); *Franklin* v. *Metcalfe,* 307 Mass. 386, 389 (1940); *Boston* v. *Boston Port Dev. Co.* 308 Mass. 72, 75 (1941); *McHale* v. *Treworgy,* 325 Mass. 381, 384-385 (1950); *Lowell* v. *Boland,* 327 Mass. 300, 301-302 (1951). The collector's deed was not void on its face.

Whether an error or irregularity on the part of a collector is substantial or misleading within the meaning of G. L. c. 60, § 37, is a question of fact which must be decided according to the circumstances of each particular case. *Fall River* v. *Conanicut Mills,* 294 Mass. at 100. *Lowell* v. *Boland,* 327 Mass. at 302. In the present case the town had the burden of proving that the failure of the collector to recite the name of the person on whom he had made his demand was insubstantial.[6] *Bartevian* v. *Cullen,* 369 Mass. at 822-823. The judge, although he quoted the relevant portion of § 37 in his report, made no express determination of this critical point. We are of the opinion that he could not properly have determined that point in the town's favor. It does not appear whether the collector served his demand on the personal representative of the McCormick estate in Rhode Island.[7] See

---

[5] That sentence, in its present form, reads as follows: "No tax title and no item included in a tax title account shall be held to be invalid by reason of any error or irregularity which is neither substantial nor misleading, whether such error or irregularity occurs in the proceedings of the collector or the assessors or in the proceedings of any other official or officials charged with duties in connection with the establishment of such tax title or the inclusion of such item in the tax title account."

[6] No one has suggested that the collector's recital was misleading. It strikes us as uninformative rather than misleading.

[7] The record discloses that at some unspecified point between McCormick's death in 1931 and August 8, 1933, his will was allowed by the Probate Court of East Providence.

G. L. c. 60, § 36.[8] It does not appear whether any written notice had been given of where the collector should send his demand. See G. L. c. 60, § 39, as in effect prior to St. 1933, c. 325, § 3; *Bartevian* v. *Cullen*, 369 Mass. at 823. There is nothing to indicate the "address best known to" the collector. See G. L. c. 60, § 16. Indeed, there is nothing in the record which affords a clue to where the collector mailed his demand, or to whom.

There is additional evidence which we regard as significant on the question whether the collector's irregularity was insubstantial. By decree of the Probate Court for Bristol County entered on October 20, 1933, in proceedings commenced in that court on August 17, 1933, the same person who had previously been appointed as the administrator with the will annexed of the McCormick estate in Rhode Island was appointed as the ancillary administrator of the estate in Massachusetts. The administrator's inventory listed the locus as one of twelve parcels in the town which had been owned by McCormick at the time of his death. A note to the inventory explained that the administrator had not listed four other parcels in the town which had been assessed to McCormick because neither the administrator nor the assessors had been able to locate any of the parcels. Schedule B of the administrator's first account discloses that he had paid the town more than $3,500 in taxes assessed on parcels other than the locus, despite the fact that the estate had been represented as insolvent. This evidence tends to portray a diligent administrator aware of the assets of the estate and alert to protect them. The evidence does not disclose when the administrator was first appointed in Rhode Island. See note 7, *supra.* It does disclose that the col-

---

[8] "If . . . a tax is assessed upon the estate of a deceased person, the executor, administrator or assignee shall, if a demand has been made on him therefor, forthwith on receipt of any money applicable to the payment of the tax, pay the same, and in default shall be personally liable therefor as for his own tax." Substantially the same provision appeared in St. 1909, c. 490, Part II, § 34, when what is now G. L. c. 60, § 16, was amended by St. 1918, c. 57, to require a collector to make a demand on a nonresident as well as on a resident.

lector knew McCormick was dead at the time of the demand on the "Joseph McCormick Estate." In the circumstances it cannot be ruled as matter of law that a demand addressed to the administrator (G. L. c. 60, § 36 [n. 8, *supra*]) by name in East Providence would not have yielded the taxes in question. Compare *Bartevian* v. *Cullen,* 369 Mass. at 823, & n. 4.

If the collector had made his demand on an individual who was the personal representative of the estate, it would have been a simple thing to comply with the provisions of G. L. c. 60, § 45, by reciting the name of that individual in the deed of October 20, 1933. On all the evidence we conclude that the town failed to sustain its burden of proving that the collector's irregularity was "insubstantial" within the meaning of G. L. c. 60, § 37.

The judge, in his report, appears to have placed some measure of reliance on, and the town still relies on, the provision now found in the penultimate sentence of G. L. c. 60, § 45, that a duly recorded collector's deed "shall be prima facie evidence of all facts essential to the validity of the title thereby conveyed."[9] The judge remarked, "There was no evidence introduced to rebut this and therefore the [c]ourt finds that the collector's deed is valid." We think this a misconstruction of the quoted provision of § 45. That provision is concerned only with the truth of the facts which the first sentence of § 45 and the first sentence of G. L. c. 60, § 50 (where appropriate), require a collector to recite in his deed. *Conners* v. *Lowell,* 209 Mass. at 116. *Welch* v. *Haley,* 224 Mass. 261, 263 (1916). *Lexington* v. *Ryder,* 296 Mass. 566, 567 (1937). The provision is not a general validating statute. It does not, in our view, reach a legal irregularity apparent on the face of a collector's deed.

We hold that the collector's deed in this case was invalid and did not operate to convey any interest in the locus to the town. That being so, the treasurer's deed

---

[9] The same provision was to be found in G. L. c. 60, § 45, as appearing in St. 1933, c. 325, § 4.

was also invalid and similarly ineffective. *McHale* v. *Treworgy,* 325 Mass. at 385-386. *Bartevian* v. *Cullen,* 369 Mass. at 821. See also *Johnson* v. *McMahon,* 344 Mass. 348, 356 (1962).[10]

The final decree is reversed. A new judgment is to be entered which declares invalid as against the plaintiff the treasurer's deed which is recorded in the Bristol North District Registry of Deeds in book 1198, page 104. Neither party is to have costs of appeal.

*So ordered.*

---

[10] It has not been argued that the plaintiff is barred by the provisions of G. L. c. 60, § 80A, possibly for the reason that the treasurer's deed recites the giving of notice of his proposed sale to only two of the five grantors in the deed to the original plaintiff.