CITY OF SPRINGFIELD *vs.* DAVID SCHAFFER.

Suffolk.   June 10, 1981. — July 20, 1981.

Present: ARMSTRONG, GREANEY, & SMITH, JJ.

*Taxation*, Real estate: assessment, tax taking. *Real Property*, Owner-
ship.

A city's taking of tax titles to four parcels of land was valid notwithstand-
ing the fact that the assessments and takings had been made in the
name of a former record owner of the land, rather than in the name of
a corporation controlled by him and to which he had caused the land
to be transferred where, as to one of the parcels, that former owner
had reacquired title before the tax assessment and taking by reason of
his being the sole shareholder of the corporation on its dissolution [279]
and, as to the others, the city's error, in the circumstances, had not
been substantial or misleading [279-281].


PETITIONS filed in the Land Court Department, one on
November 24, 1978, and three on February 14, 1979.

The cases were consolidated for trial and were heard by
*Randall*, J.

*William L. Cohn* for the respondent.

*Mark E. Draper* for the petitioner.

SMITH, J.   A Land Court judge consolidated four peti-
tions filed by the city of Springfield (city) under G. L.
c. 60, § 65, held a hearing, and issued a decision which
foreclosed rights of redemption as to tax titles held on four
parcels of land.[1]  The respondent appealed and argues that,
as matter of law, the tax takings were invalid because the

---

[1] In his decision, the judge directed that "the City allow respondent to
redeem if within sixty days hereof the respondent pays to the City of
Springfield the principal amount of the tax due on each of the four parcels
herein described plus interest and charges thereon to date. If such pay-
ment is not made by the respondent . . . the petitions of the City of
Springfield to foreclose all rights of redemption from tax lien proceedings
. . . are allowed."

assessments and the subsequent takings were not made in the name of the record owner of the parcels.  The judge made comprehensive findings of fact in his decision which the respondent does not challenge, and we summarize the findings in order to provide clarity to our decision.

Prior to December 22, 1961, the respondent had acquired title in his own name to four parcels of land in the city.  On December 22, 1961, the respondent conveyed title on the parcels to his then lawyer, Mr. Stuart G. Waite.  Although Mr. Waite was the record owner of the property on January 1, 1962, the real estate taxes were not assessed to him, but to the respondent, and tax bills were sent to him at 13 Hampden Street.  The tax bills were paid.  On July 18, 1962, Purple Hyacinth, Inc. (Purple), was incorporated under the laws of the Commonwealth, with the respondent as an officer and principal stockholder.  On September 25, 1962, Mr. Waite transferred title to the four parcels to Purple.  In 1963 and 1964, although Purple was the record owner of the parcels, the taxes were assessed to the respondent, tax bills were sent to the respondent at 13 Hampden Street and were paid.  Purple was ordered dissolved by the Supreme Judicial Court on December 20, 1965, probably for failure to file certificates of condition (see G. L. c. 156B, § 101), and at the time of its dissolution, the respondent was its sole stockholder.  Tax takings were made by the city of the various parcels in 1967, 1969, 1971 and 1975.  The city continued to assess the property in the respondent's name, and all the takings were also in the respondent's name.  General Laws c. 59, § 11, as appearing in St. 1956, c. 690, § 2, provides in pertinent part: "Taxes on real estate shall be assessed . . . to the person who is the owner on January first, and the person appearing of record . . . shall be held to be the true owner thereof."  This language has been interpreted by the Supreme Judicial Court to permit the assessment of taxes to the owner in fact although he is not the person appearing of record to be the owner of such real estate.  *Boston* v. *Quincy Market Cold Storage Co.*, 312 Mass. 638, 644-645 (1942).  *Milton* v.

*Ladd,* 348 Mass. 762, 764 (1965). General Laws c. 60, § 37, as appearing in St. 1943, c. 478, § 1, provides in pertinent part: "No tax title and no item included in a tax title account shall be held to be invalid by reason of any error or irregularity which is neither substantial nor misleading, whether such error or irregularity occurs in the proceedings of the collector or the assessors . . . ." The issue whether an error is substantial or misleading is a question of fact to be determined by the circumstances of each particular case. *Pass* v. *Seekonk,* 4 Mass. App. Ct. 447, 450 (1976). For convenience of analysis, we have divided the four takings into three groups, (1) tax assessment and tax taking, both made three years after Purple was dissolved, (2) tax assessment made while Purple was still in existence, but tax taking made three years after Purple was dissolved, (3) tax assessment and tax taking made while Purple was still in existence.

1. *157 Wilbraham Avenue.* In 1969, even though the record owner of the parcel was Purple, the parcel was assessed to the respondent. The taxes were not paid. A tax bill and a demand for payment were sent to the respondent at the 13 Hampden Street address. The taxes were still not paid, the required notice of its intent to take the property was published, and the city made a taking of the property in the name of the respondent on April 13, 1971. Because more than three years had elapsed from the date of the dissolution of Purple, the respondent became the owner of all of that corporation's real property by reason of being the corporation's sole shareholder upon dissolution. *Cummington Realty Associates* v. *Whitten,* 239 Mass. 313, 325 (1921) (stockholders succeed to corporate property after its existence terminated). Peairs, Business Corporations § 167 (1971). The 1969 taxes on this parcel were thus properly assessed to the respondent as owner in fact even though the dissolved corporation appeared as the record owner. Therefore, the tax taking in 1971 against the respondent for nonpayment of 1969 taxes was valid.

2. *62 Westminister Street, 563-565 Union Street.* In the case of these two parcels, the tax assessments were made in

the name of the respondent while Purple was in existence, but the tax takings were made more than three years after Purple was dissolved. There were nonpayments of taxes assessed to the respondent in 1965 (Westminister) and in 1967 (Union) during which Purple, after its dissolution in December, 1965, continued as a body corporate through December, 1968, "to dispose of and convey its property" and to "settle and close its affairs." G. L. c. 156B, § 102. The takings in the name of the respondent occurred in 1975 (Westminister) and in 1969 (Union) when the respondent, as sole stockholder after dissolution, was the owner in fact of the parcels. Although the assessment of the taxes in 1965 and 1967 should have been made in the name of the corporation, it was the owner in fact, the respondent, that the city proceeded against in the takings. The error by the assessors did not prejudice the respondent, particularly since in 1963 and 1964, the same error by the assessors had resulted in the taxes being paid. Therefore, the tax takings in regard to the two parcels were valid.

3. *9-19 Hampden Street.* In 1965, even though the record owner of the parcel was Purple, the parcel was assessed to the respondent, and the taxes were not paid. A tax bill and a demand for payment were sent to the respondent at the 13 Hampden Street address and, because the taxes were not paid, the city made a taking on June 27, 1967. The assessment of the taxes was made when Purple was the owner of record and in fact of the parcel, and the assessment, therefore, should have been made in the name of the corporation. When the taking was made in 1967, Purple was still in legal existence in order to close its affairs, and the city properly should have named the corporation in its tax taking proceedings. However, the error was not substantial or misleading in the circumstances of this case. G. L. c. 60, § 37. *Pass* v. *Seekonk,* 4 Mass. App. Ct. 447 (1976). In the previous years, 1963 and 1964, when Purple was the record owner of the parcel, the taxes were assessed to the respondent. The tax bills sent to him for these years were paid, indicating that the respondent assumed responsibility for

these assessments. In addition, we note that the respondent was an officer and principal owner of Purple. In those circumstances it cannot be said that the assessors' error was substantial within the meaning of G. L. c. 60, § 37. Therefore, the tax taking on this parcel was also valid.

The judge allowed the respondent a certain period of time to redeem the four parcels by paying the taxes owed. We adopt his order. See note 1, *supra*.

*Decision affirmed.*