Welch, J.
This action arises out of a series of business transactions involving real estate trusts. Plaintiff Elio DiBiase now seeks determination of title to the Highland Avenue Condominium (the “Condominium”) located in Malden, the subject property of the DiBiase Malden Realty Trust (“Maiden Trust”). Plaintiff alleges that the Quitclaim Deed transferring the property to the Malden Trust was obtained through fraud. Plaintiff also seeks to have a constructive trust imposed upon the Condominium. Defendant Ugo DiBiase has moved for summary judgment on several grounds. Plaintiff has moved for partial summary judgment requesting that the Court declare the Quitclaim Deed to be invalid due to the insufficient description of the property. For the reasons set forth below, Defendant’s motion for summary judgment is ALLOWED and Plaintiffs partial motion for summary judgment is DENIED.
BACKGROUND
Plaintiff and Defendant, brothers, worked as partners in the construction and real estate development industries for over twenty-five (25) years. During this time, they accumulated substantial real estate holdings, which they held jointly as Trustees of several real estate trusts.
In October 1981, plaintiff and defendant established the Highland Avenue Condominium Trust (the Highland Avenue Condominium — 66, 92, 108 Devir Street, Malden) with themselves as Trustees. They also, as Trustees of the DiBiase Everett Realty Trust, and as Grantors signed and recorded the Master Deed of the Highland Avenue Condominium Trust, with the Highland Avenue Condominium Trust as Grantee.
In 1982, the parties decided to terminate their partnership and agreed to divide their real estate holdings through a series of real estate trust transactions. The parties are currently disputing the arrangement concerning the division of the Highland Avenue property.
In December 1982, plaintiff and defendant established the DiBiase Malden Realty Trust, with themselves as Trustees. As Trustees and Grantors of the DiBiase Everett Realty Trust, the parties signed and recorded a Quitclaim Deed purporting to convey “(a)ll the land now owned by the Grantor Trust in Malden, County of Mid-dlesex, Massachusetts, with the buildings thereon, if any" to the DiBiase Malden Realty Trust, as Grantee. Simultaneously, plaintiff assigned and recorded an Assignment of his entire interest in the DiBiase Malden Realty Trust to defendant. Plaintiff then resigned as Trustee of DiBiase Malden Realty Trust.
According to plaintiff, the above transaction left defendant as owner of the Condominium, the value of which allegedly exceeded the amount of the value of properties plaintiff had received as a result of similar transactions. Plaintiff asserts that the parties were aware of this fact, and in December 1982, defendant orally agreed with plaintiff that plaintiff would be entitled to share in the rents produced by the Condominium. Plaintiff alleges that based on this conversation, he agreed to divide the property the way it was divided, but that defendant never intended to fulfill the oral agreement. Thus, defendant induced plaintiff into the unequal distribution of their properties.
Plaintiff alleges that throughout the past twelve (12) years, defendant has promised that an accounting of the rents received from the Condominium would be forthcoming. It was not until twelve (12) years had passed since the making of the alleged oral agreement that plaintiff filed this action.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56 (c). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Accord Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving parly establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for sum *332 mary judgment.” LaLonde v. Eisner, 405 Mass. 207, 209 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976).
Plaintiff seeks partial summary judgment on the issue of the validity of the transfer of the Condominium through the trust documents. Defendant moves for summary judgment on several grounds including (1) a determination that the Quitclaim Deed is valid; and (2) that the present action is time-barred by the statute of limitations.
I. Sufficiency of the Deed
Plaintiff disputes the adequacy of the description in the deed purporting to convey “all the land now owned by the Grantor Trust located in Malden, County of Middlesex, with the buildings thereon.” After twelve (12) years have passed since the signing of the deed, plaintiff argues that the description is insufficient as a matter of law. The Court disagrees.
“All that is required of a description in a deed is that it adequately identify what is being conveyed.” Suga v. Maum, 29 Mass.App.Ct. 733, 737 (1991), citing McHale v. Treworgy, 325 Mass. 381, 385 (1950). It is enough if it fairly designates the properly for the information of those interested. Lowell v. Marden & Murphy, Inc., 321 Mass. 597, 599 (1947), cert. denied, 332 U.S. 850 (1948); Lowell v. Boland, 327 Mass. 300, 302 (1951). See also Krueger v. Devine, 18 Mass.App.Ct. 397, rev. denied, 393 Mass. 1102 (1984) (court held description as rudimentary yet adequate: “Land at South Beach consisting of a tract of 29 acres”): Tzitzon Realty Co., Inc. v. Mustonen, 352 Mass. 648 (1967) (court held description to be sufficient: ”A house and land on the corner of School Street and Salem Street South Groveland”).
Even if the description in the deed were inadequate, which under the circumstances the Court finds that it is not, “this deficiency alone would not render it invalid.” Suga v. Maum, supra, 29 Mass.App.Ct. at 737. “The general intent to convey overrides the use of an ineffective form.” Id. (waiver stating that “I . . . transfer, assign and convey all my right, title and interest as an intestate beneficiary of my late brother’s estate to Mishi Kamiya” was considered a valid deed due in part to the intentions of the parties), citing Kaufman v. Federal Nat’l Bank, 287 Mass. 97, 101 (1934); and G.L.c. 183, §6A. “Conveyances should be ‘construed as to give effect to the intent of the parties’ as may be gleaned from ‘the words used, interpreted in the light of the material circumstances and pertinent facts known to them at the time’ of the transfer.” Suga v. Maum, supra at 737, quoting Commercial Wharf East Condominium Assn. v. Waterfront Parking Corp., 407 Mass. 123, 131 (1990) (citations omitted in text); and citing Hillman v. Roman Catholic Bishop of Fall River, 24 Mass.App.Ct. 241, 243 (1987) (“instrument of conveyance is properly construed ‘by considering its language as illuminated by the circumstances attendant upon its drafting and delivery.’ ”).
Here, both plaintiff and defendant, as both trustees and grantors, created and signed the Quitclaim Deed which transferred all the property in Malden to the DiBiase Malden Realty Trust. Both parties were aware that the Condominium was located in Malden. In fact, there is no evidence in the summary judgment record that there was any property in Malden, other than the Condominium. As evidenced in the record, plaintiff was a willing party and participant in the transaction. Plaintiff is merely unsatisfied with the arrangement because he is not receiving any rents to which he is allegedly entitled.
Moreover, the subsequent actions taken by plaintiff are instructive that this deed was intended to convey the Condominium.[3] First, in the series of transactions that divided the properties, plaintiff admits that each party retained ownership of individual properties. Indeed, plaintiff avers in his amended verified complaint and admits in his brief that defendant, through the series of transactions, was left with the ownership of the Malden property, which is the Highland Avenue Condominium, and that plaintiff retained ownership of all the property in the Everett Trust and another realty trust. Next, plaintiff continued to seek rental payments from defendant for the past twelve (12) years, knowing that defendant was the owner of the Condominium by virtue of the transactions. To hold that both parties who created and signed this Quitclaim Deed did not know what they were conveying would be illogical. Thus, the description in the Quitclaim Deed is sufficient.
II. Statute of Limitations
Defendant argues that plaintiffs claim to the oral rental arrangement is time-barred because the statute of limitations for actions brought on contracts is six years.[4] See G.L.c. 260, §2. Plaintiff responds that the statute of limitations has not expired because it did not accrue until the filing of this lawsuit.[5]
General Laws, c.260, §2, mandates that a contract action be brought within six years after the cause of action accrues.[6] The action accrues at the time the contract is breached. International Mobiles Corp. v. Carroon & Black/Fairfield & Ellis, Inc., 29 Mass.App.Ct. 215, 221 (1990). A cause of action accrues once “a plaintiff discovers, or reasonably should have discovered, that he may have been injured as a result of the defendant’s conduct.” Cambridge Plating Co., Inc. v. Napco, Inc., 991 F.2d 21, 25 (1st Cir. 1993), quoting Hoult v. Hoult, 792 F.Supp. 143, 144 (D.Mass. 1992). The purpose of a statute of limitations is to “stimulate plaintiffs to activity and punish negligent delay.” Cambridge Plating Co., Inc., supra at 27, quoting Franklin v. Albert, 381 Mass. 611, 618 (1980), quoting Woodv. Carpenter, 101 U.S. 135, 139 (1897). *333 Once a defendant has raised a statute of limitations defense, the burden is on the plaintiff to prove that the action was commenced within the given period of time. Breen v. Burns, 280 Mass. 222, 228 (1932), King’s Dept Store’s, Inc. v. Poley-Abrams Corp., 386 Mass. 1008 (1982).
To accept plaintiffs contention that the statute did not begin to run until the filing of this suit would undermine the purpose of the statute of limitations. Using the plaintiffs reasoning that the cause of action accrued upon filing of the suit would render the statute of limitations a nullity. Under this theory, plaintiff could have conceivably continued to ask for the rents, and so long as defendant never refused but continually represented that plaintiff would get an accounting, the statute would never begin to run. The Court cannot accept that proposition.
As the plaintiff admits, every year for the past twelve (12) years, he has asked for an accounting of the rents, and every year defendant allegedly suggested that he would give plaintiff an accounting. Nothing in the summary judgment record suggests that plaintiff was not reasonably aware of a breach. In fact, plaintiff has failed to meet his burden by demonstrating that he was not aware that a breach had occurred. Plaintiff is a sophisticated business man, who has managed a construction business and has entered into several real estate deals. Clearly, plaintiff was on notice that he had a claim.
Plaintiff relies on Barber v. Fox, 36 Mass.App.Ct. 525, 527 (1994), which is notas instructive as plaintiff suggests. In Barber, the defendant and the plaintiff orally agreed that the plaintiff would convey her share of the family farm to the defendant, in exchange for which defendant would, at some future time, convey to her a certain lot in the field upon which she desired to build a house. A deed was executed conveying the farm to the defendant in 1969. The plaintiff did not receive monetary consideration.
Over the next nineteen (19) years, the plaintiff often discussed subdividing “her land” on the farm with the defendant. The defendant never disavowed the agreement, but the lot was never conveyed to the plaintiff. Finally, in 1988, the plaintiff formally demanded that the defendant convey the lot to her, but he refused. The plaintiff filed suit for specific performance of the oral agreement to convey the lot.
The Appeals Court determined that the breach did not occur until 1988 when the defendant refused to convey the land. The court held that because the contract was subject to performance on demand, a breach could not occur until the obligor “clearly and unequivocally repudiated his obligation.” Barber v. Fox, supra, 36 Mass.App.Ct. at 527.
The court further concluded that the plaintiffs twenty-year wait prior to making the demand was not unreasonable in light of the fact that she demonstrated that there was “an intention of the parties that their arrangement should continue into the future for a considerable time before the plaintiff would be expected to demand performance.” Barber at 529, quoting Campbell v. Whoriskey, 170 Mass. 63, 67 (1898). The court noted that delay was due in part to plaintiffs potential marital problems and defendant’s uncertain development plans.
Here, there is no evidence in the record to suggest that the arrangement was to continue into the future before plaintiff would be expected to demand performance. Nothing suggests that defendant was to retain any rents until plaintiff decided when he would make his demand. In fact, in Barber, the plaintiff did not actually make a demand until twenty (20) years had passed. Here, it appears that the plaintiff made a demand every year, but was told that the rental accounting would be forthcoming.
In addition, the Barber Court specifically examined the context of the transaction and determined that this was not a commercial transaction, and that it was reasonable for the plaintiff to wait twenty years before demanding her land; “(w]hatever may be the case with regard to commercial transactions, no such absolute stricture applies to land contracts within the family, where profit is not the primary consideration.” Barber at 528. Unlike the situation in Barber, this was not a family transaction where the plaintiff was an unsophisticated business person who, as a result of the transaction, never received any benefit from the family farm.
In this case, profit was the only consideration. The parties were sophisticated business persons entering into an alleged oral contract.[7] By at least the end of 1983, according to the plaintiffs allegations, he was entitled to the condominium rents. He demanded them and they were not forthcoming. Instead, plaintiff claims, the defendant assured him that he would receive an accounting. The plaintiff did not receive such an accounting in 1983 or 1984. Any reasonable business person would be on notice that the alleged oral contract had been breached if not by the end of 1983, at least sometime in 1984 when no accounting and no rental payment was forthcoming. The plaintiff identified no particular fiduciary or familial situation that raises an issue of fact regarding when a reasonable businessman would be aware of the breach. The money was due under the contract in 1983; the plaintiff was aware it was not paid: the cause of action accrued at or around that time. The statute of limitations had long since expired by the date plaintiff initiated this lawsuit. Accordingly, plaintiffs claim is time-barred.
ORDER
It is hereby ORDERED that plaintiffs motion for partial summary judgment is DENIED and defendant’s motion for summary judgment is ALLOWED.

“Where the language of an instrument is doubtful, evidence of the practical construction by the parties is admissible to explain and remove the doubt.” Suga v. Maum, 29 Mass.App.Ct. 733, 738 (1991), quoting Commercial Wharf East Condominium Assn. v. Waterfront Parking Corp., 407 Mass. 123, 132 (1990).

Defendant contests that there was such an arrangement between plaintiff and himself. Because the Court decides this case on other grounds, this issue need not be discussed.

Plaintiff also argues that because the contract is for an accounting of the rents it is in essence seeking an interest in land, the statute of limitations period is twenty (20) years. See G.L.c. 260, §20. The Court disagrees. The accounting of rent is an interest in the benefit from the property not an interest in the property itself as G.L.c. 260, §20, requires. Plaintiff cites to no case which requires this Court to hold that a contract for rent is an interest in real property within the meaning of G.L.c. 260, §20.

While it may be that a three-year statute of limitations applies as this is an action in fraud, G.L.c. 260, §2A, where the essence of the claim is that defendant failed to do as he promised, the “gist of the action” is contractual, and the contract period of limitations applies. Barber v. Fox, 36 Mass.App.Ct. 525, 529 (1994) (citations omitted).

Contrary to plaintiffs assertion that this was a “family” agreement, nothing suggests that the brothers were particularly close. And, as evidenced by this and other lawsuits, their relationship was somewhat strained. For example, in 1989, defendant loaned plaintiff $300,000.00 and took back a mortgage on plaintiffs property in Florida. Because plaintiff had failed to pay on the note, defendant filed suit in the Florida Court in an action in foreclosure in 1994. Coincidentally, plaintiff filed the case before this Court in 1994.